CONCERNED CITIZENS OF THE NORTHEAST CAPE FEAR RIVER, AND
HOKE BULLOCK v. NORTH CAROLINA ENVIRONMENTAL MANAGE-
MENT COMMISSION, NORTH CAROLINA WILDLIFE RESOURCES COM-
MISSION, DEPARTMENT OF TRANSPORTATION AND INLET BAY
UTILITIES, INC.

No. 8710SC1005

(Filed 19 April 1988)

**Waters and Watercourses § 3.2— permit allowing discharge of treated domestic
wastewater—appropriate remedy of aggrieved parties**

Plaintiffs' claim for declaratory judgment and injunctive relief attacking
the validity and propriety of a permit granted by defendant Commission allow-
ing discharge of treated domestic wastewater into the Northeast Cape Fear
River was properly dismissed by the trial court, since plaintiffs' only remedy,
assuming they were aggrieved parties within the meaning of N.C.G.S.
§ 150B-43, was to obtain judicial review of defendant's issuance of the permit
pursuant to N.C.G.S. § 150B-45.

APPEAL by plaintiffs from *Farmer, Judge.* Judgment entered
18 May 1987 in Superior Court, WAKE County. Heard in the Court
of Appeals 5 April 1988.

This purports to be a civil action wherein plaintiffs pray for
the following:

1. A temporary restraining order and preliminary in-
junction requiring the Environmental Management Commis-
sion to rescind the permit pending resolution of these issues,
and restraining Inlet Bay Utilities, Inc. from discharging any
effluent pursuant to its NPDES permit for discharge into the
Northeast Cape Fear River.

2. Declaratory judgment that the permit issued to Am-
mons-Boykin Development Company, and subsequently trans-
ferred to Inlet Bay Utilities, Inc., is invalid.

3. In the alternative thereto, a mandatory injunction requiring the Environmental Management Commission to rescind the permit for defects in its issuance.

4. A permanent injunction against Inlet Bay Utilities, Inc. prohibiting it from discharging any effluent into the waters of the Northeast Cape Fear River without a valid NPDES permit.

5. An order of this Court setting aside the easement granted by the Wildlife Resources Commission as inconsistent with State policy and/or requiring the Wildlife Resources Commission to perform an environmental impact statement prior to granting any such easement.

6. A permanent injunction prohibiting the Environmental Management Commission from issuing NPDES permits that allow the incremental degradation of water quality.

7. The costs of this action.

8. Such further relief as the Court may deem appropriate.

The record before us discloses that on 2 December 1985, the North Carolina Environmental Management Commission issued a permit allowing discharge of treated domestic wastewater into the Northeast Cape Fear River to defendant Inlet Bay Utilities, Incorporated, and this permit was reissued on 25 April 1986. An easement was also granted for the wastewater pipeline by the North Carolina Wildlife Resources Commission over property it leased from the North Carolina Department of Transportation.

On 4 September 1986, plaintiffs instituted this proceeding for a declaratory judgment and for injunctive relief. Defendants moved for summary judgment, and on 18 May 1987 their motion was granted and summary judgment was entered dismissing plaintiffs' complaint. Plaintiffs appealed.

*Harlow, Derr and Stark, by Thomas A. Stark, for plaintiffs, appellants.*

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Daniel F. McLawhorn, for defendants, appellees, North Carolina Environmental Management Commission, North Carolina Wildlife Resources Commission and North Carolina Department of Transportation.*

*Poisson, Barnhill & Britt, by Donald E. Britt, Jr., for defendant, appellee, Inlet Bay Utilities, Incorporated.*

HEDRICK, Chief Judge.

The Environmental Management Commission ("the Commission") is authorized to issue permits allowing discharge of wastewater into surface waters. G.S. 143-215.1. G.S. 143-215.5 provides that judicial review with respect to issuance of such permits is to be as provided in Article 4 of Chapter 150B which provides:

> Any person who is aggrieved by the final decision in a contested case, and who has exhausted all administrative remedies made available to him by statute or agency rule, is entitled to judicial review of the decision under this Article, unless adequate procedure for judicial review is provided by another statute, in which case the review shall be under such other statute. Nothing in this Chapter shall prevent any person from invoking any judicial remedy available to him under the law to test the validity of any administrative action not made reviewable under this Article.

G.S. 150B-43.

G.S. 150B-45 provides the procedure for seeking review:

> To obtain judicial review of a final decision under this Article, the person seeking review must file a petition in the Superior Court of Wake County or in the superior court of the county where the person resides.

> The person seeking review must file the petition within 30 days after the person is served with a written copy of the decision. A person who fails to file a petition within the required time waives the right to judicial review under this Ar-

ticle. For good cause shown, however, the superior court may accept an untimely petition.

Assuming *arguendo* plaintiffs are aggrieved parties within the meaning of G.S. 150B-43, they could obtain judicial review of the Commission's issuance of the permit pursuant to G.S. 150B-45. This they did not do. While we recognize the superior court could extend the time within which to file a petition for judicial review, it did not do so in this case because plaintiffs' claim in no way purports to be a petition for judicial review. Plaintiffs simply attempt to attack collaterally the validity and propriety of the permit issued by the Commission, and the easement granted by the Wildlife Resources Commission to Inlet Bay Utilities, Inc., to pipe the wastewater pursuant to the permit. The record discloses an insurmountable bar to plaintiffs' claim for declaratory judgment and injunctive relief. Plaintiffs' only remedy, if any, is to obtain judicial review of the action of the Commission and the action of the Wildlife Resources Commission in granting the easement pursuant to G.S. 150B-45.

Therefore, summary judgment for defendants dismissing plaintiffs' complaint must be affirmed.

Affirmed.

Judges PHILLIPS and EAGLES concur.