367 S.E.2d 13 (1988)
89 N.C. App. 708
CONCERNED CITIZENS OF the NORTHEAST CAPE FEAR RIVER, and Hoke Bullock,
v.
NORTH CAROLINA ENVIRONMENTAL MANAGEMENT COMMISSION, North Carolina Wildlife Resources Commission, Department of Transportation and Inlet Bay Utilities, Inc.
No. 8710SC1005.
Court of Appeals of North Carolina.
April 19, 1988.
*14 Harlow, Derr and Stark by Thomas A. Stark, Research Triangle Park, for plaintiffs, appellants.
Atty. Gen. Lacy H. Thornburg by Sp. Deputy Atty. Gen. Daniel F. McLawhorn, Raleigh, for defendants, appellees, North Carolina Environmental Management Com'n, North Carolina Wildlife Resources Com'n and North Carolina Dept. of Transp.
Poisson, Barnhill & Britt by Donald E. Britt, Jr., Wilmington, for defendant, appellee, Inlet Bay Utilities, Inc.
HEDRICK, Chief Judge.
The Environmental Management Commission ("the Commission") is authorized to issue permits allowing discharge of wastewater into surface waters. G.S. 143-215.1. G.S. 143-215.5 provides that judicial review with respect to issuance of such permits is to be as provided in Article 4 of Chapter 150B which provides:
Any person who is aggrieved by the final decision in a contested case, and who has exhausted all administrative remedies made available to him by statute or agency rule, is entitled to judicial review of the decision under this Article, unless adequate procedure for judicial review is provided by another statute, in which case the review shall be under such other statute. Nothing in this Chapter shall prevent any person from invoking any judicial remedy available to him under the law to test the validity of any administrative action not made reviewable under this Article.
G.S. 150B-43.
G.S. 150B-45 provides the procedure for seeking review:
To obtain judicial review of a final decision under this Article, the person seeking review must file a petition in the Superior Court of Wake County or in the superior court of the county where the person resides.
The person seeking review must file the petition within 30 days after the person is served with a written copy of the decision. A person who fails to file a petition within the required time waives the right to judicial review under this Article. For good cause shown, however, the superior court may accept an untimely petition.
Assuming arguendo plaintiffs are aggrieved parties within the meaning of G.S. 150B-43, they could obtain judicial review of the Commission's issuance of the permit pursuant to G.S. 150B-45. This they did not do. While we recognize the superior court could extend the time within which to file a petition for judicial review, it did not do so in this case because plaintiffs' claim in no way purports to be a petition for judicial review. Plaintiffs simply attempt to attack collaterally the validity and propriety of the permit issued by the Commission, and the easement granted by the *15 Wildlife Resources Commission to Inlet Bay Utilities, Inc., to pipe the wastewater pursuant to the permit. The record discloses an insurmountable bar to plaintiffs' claim for declaratory judgment and injunctive relief. Plaintiffs' only remedy, if any, is to obtain judicial review of the action of the Commission and the action of the Wildlife Resources Commission in granting the easement pursuant to G.S. 150B-45.
Therefore, summary judgment for defendants dismissing plaintiffs' complaint must be affirmed.
Affirmed.
PHILLIPS and EAGLES, JJ., concur.