CHARLOTTE TRUCK DRIVER TRAINING SCHOOL, INC. v. NORTH CAROLINA DIVISION OF MOTOR VEHICLES

No. 8826SC1069

(Filed 15 August 1989)

**Administrative Law § 6 — DMV order canceling truck driver school license — jurisdiction of superior court to review — rights of petitioner determined by agency proceeding — contested case**

> The superior court had jurisdiction pursuant to N.C.G.S. § 150B-43 to review respondent's order canceling petitioner's truck driver school license even though petitioner waived its right to an evidentiary hearing, since the rights of petitioner

were determined by an in-person interview and an investigation by a hearing officer of respondent; the interview and investigation constituted "an agency proceeding"; this was therefore a "contested case" subject to judicial review; the waiver of an evidentiary hearing was in regard to the determination of whether an alleged violation of respondent's rules actually occurred; and the parties did not consent to waive judicial review of any agency decision.

APPEAL by petitioner from *Snepp (Frank W., Jr.), Judge.* Order entered 18 July 1988 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 18 April 1989.

*Reginald L. Yates for petitioner-appellant.*

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Jane P. Gray, for respondent-appellee.*

GREENE, Judge.

Petitioner, Charlotte Truck Driver Training School, Inc., appeals from an order entered by the Mecklenburg County Superior Court in which petitioner's petition for judicial review was dismissed on the ground that the court lacked jurisdiction under N.C.G.S. Sec. 150B-43 (1987).

Petitioner was issued a commercial truck driver's training school license by the North Carolina Division of Motor Vehicles (hereinafter "the respondent"). Respondent is an agency of the State of North Carolina charged with responsibility of licensing and promulgating rules and regulations which govern the operation of truck driver training schools in North Carolina. N.C.G.S. Sec. 20-320 *et seq.* Allegations were made that petitioner had violated certain rules and regulations promulgated by the respondent and petitioner was notified by letter on 18 December 1986 that its license to operate a commercial truck driver training school was cancelled. Petitioner requested an administrative hearing and the hearing was held on 25 and 26 February 1987. On 1 April 1987, a consent order was entered into between petitioner and respondent which provided that petitioner's license was suspended for three years but that the suspension was stayed on certain conditions. According to the terms of the consent order, in the event of an alleged violation, such alleged violation would be referred to a hearing officer for determination of whether such violation actually occurred and the

terms of the consent order had been violated. The consent order also provided that in the event of such subsequent allegation of a violation, an investigation could be made by the hearing officer but no evidentiary hearing would be required.

Subsequent allegations were made that petitioner had violated the terms of the consent order in that petitioner allegedly allowed an unlicensed instructor to instruct students and the petitioner violated the guidelines for commercial truck driver school advertising. Petitioner was notified of the allegations and a meeting was held on 23 September 1987 at respondent's offices in Raleigh. On 30 October 1987, an order was entered finding as a fact that petitioner had violated the terms of the consent order of 1 April 1987 and revoking petitioner's license until 31 March 1990.

On 1 December 1987, petitioner filed a petition for judicial review in Mecklenburg County Superior Court and obtained a temporary restraining order restraining respondent from revoking petitioner's license. On 8 December 1987, a preliminary injunction was issued. At the hearing on petitioner's petition for judicial review on 7 July 1988, the court found that since petitioner had waived its right to an evidentiary hearing in the event the consent order had been violated, the court lacked jurisdiction under N.C.G.S. Sec. 150B-43 to review the order of 30 October 1987. Petitioner's petition for judicial review was therefore dismissed.

---

The issue presented for review is whether the superior court has jurisdiction pursuant to N.C.G.S. Sec. 150B-43 to review the order cancelling petitioner's truck driver school license even though petitioner waived its right to an evidentiary hearing.

Relevant provisions of North Carolina General Statute 150B-43 provide that:

Any person who is aggrieved by the final decision in a contested case, and who has exhausted all administrative remedies made available to him by statute or agency rule, is entitled to judicial review of the decision under this Article, unless adequate procedure for judicial review is provided by another statute, in which case the review shall be under such other statute.

N.C.G.S. Sec. 150B-43 (1987). This statute has been interpreted as imposing five requirements in order to have standing for judicial review:

(1) the petitioner must be an aggrieved party;

(2) there must be a final agency decision;

(3) the decision must result from *a contested case*;

(4) the petitioner must have exhausted all administrative remedies; and

(5) there must be no other adequate procedure for judicial review.

*In re Wheeler*, 85 N.C. App. 150, 153, 354 S.E.2d 374, 376 (1987) (emphasis added). The respondent implicitly concedes in brief that petitioner meets all the five requirements with the exception of No. 3 which requires that "the decision must result from *a contested case*." *Id.* (emphasis added).

North Carolina General Statute 150B-2(2) defines "contested case" as "an administrative proceeding pursuant to this Chapter to resolve a dispute between an agency and another person that involves the person's rights, duties, or privileges, including licensing or the levy of a monetary penalty." N.C.G.S. Sec. 150B-2(2) (1987). "Person" as used in the statute includes corporations such as the petitioner. N.C.G.S. Sec. 150B-2(7) (1987). Our Supreme Court has interpreted the term "contested case" as having two elements: "(1) an agency proceeding, (2) that determines the rights of a party or parties." *Lloyd v. Babb*, 296 N.C. 416, 424-25, 251 S.E.2d 843, 850 (1979). The rights of the petitioner were determined by the in-person interview of 23 September 1987 and by the investigation conducted by the hearing officer as petitioner's license was revoked as a result thereof. Therefore, the pivotal question in determining whether this is a "contested case," is whether the in-person interview and investigation constitute "an agency proceeding." *Id.* As the in-person interview and the investigation were conducted by a hearing officer of the North Carolina Division of Motor Vehicles, a State agency, we conclude that they constitute "an agency proceeding." *See State of Tenn. v. Environmental Management Comm'n*, 78 N.C. App. 763, 767, 338 S.E.2d 781, 783 (1986) (it is irrelevant what the proceeding is called as long as it is conducted by an agency). We therefore determine this is a contested case.

Furthermore, the waiver of an evidentiary hearing found in the consent order is in regard to the determination of whether an alleged violation actually occurred. The parties *did not consent* to waive judicial review of any agency decision. Although absent

an evidentiary hearing the superior court would be unable to review the evidence, the court would be able to review the findings and conclusions of the hearing officer in accordance with N.C.G.S. Sec. 150B-51(b) to see if "the agency's findings, inferences, conclusions, or decisions are:

(1) In violation of constitutional provisions;

(2) In excess of the statutory authority or jurisdiction of the agency;

(3) Made upon unlawful procedure;

(4) Affected by other error of law;

. . . .

(6) Arbitrary or capricious.

N.C.G.S. Sec. 150B-51(b) (1987).

Accordingly, we reverse the 30 October 1987 order of the hearing officer and remand to the Mecklenburg County Superior Court for judicial review pursuant to N.C.G.S. Sec. 150B-51(b).

Reversed and remanded.

Judges ARNOLD and LEWIS concur.