SHARON YATES FOR WILLIAM McCOMBS v. N.C. DEPT. OF HUMAN RESOURCES

No. 8919SC781

(Filed 1 May 1990)

**Social Security and Public Welfare § 1 (NCI3d) — denial of Medicaid benefits to father — no standing of daughter to obtain judicial review**

Petitioner who was not an applicant or recipient of Medicaid benefits had no standing to obtain judicial review of respondent's eligibility decision concerning petitioner's father.

**Am Jur 2d, Welfare Laws § 40.**

APPEAL by petitioner from order entered 9 June 1989 by *Judge D. Marsh McLelland* in ROWAN County Superior Court. Heard in the Court of Appeals 7 February 1990.

This is a proceeding to judicially review a final order by the respondent, Department of Human Resources (DHR), denying an application for medical assistance benefits (Medicaid). Sharon Yates applied for benefits on behalf of her father (William McCombs), now deceased, on 15 August 1988, retroactive to May, 1988. On 10 October 1988 DHR denied the application based on its de-

termination that Mr. McCombs had "excess reserves." Medicaid eligibility requirements set an asset ceiling of $2,250 for a two-person unit. Deceased and his wife had approximately $7,178 in non-exempt assets on the date of application. Mr. McCombs paid some of his accumulated medical bills, converted his stocks to a pre-need burial plan and reapplied for benefits. His application for Medicaid was approved as of 4 November 1988.

Between May and 4 November 1988 Mr. McCombs had incurred $51,578 in medical bills, $45,728 of which were not covered by insurance. Ms. Yates requested that her father be allowed to "spend down" resources (i.e., subtract his accumulated medical bills from his resources) retroactive to May so that on some date before 4 November his assets would be below the $2,250 ceiling. This request was denied and Ms. Yates appealed. After unsuccessful administrative appeals within DHR, Ms. Yates petitioned for judicial review in superior court. The superior court affirmed the decision of DHR and Ms. Yates appeals.

*Central Carolina Legal Services, Inc., by Stanley B. Sprague, and N.C. Legal Services Resource Center, Inc., by Pam Silberman, for petitioner-appellant.*

*Attorney General Thornburg, by Assistant Attorney General Jane T. Friedensen, for the North Carolina Department of Human Resources.*

EAGLES, Judge.

Our initial inquiry is whether this appeal must be dismissed for lack of subject matter jurisdiction. The State asserts that only an "applicant or recipient" of Medicaid funds may petition for judicial review of the DHR's eligibility decision and Ms. Yates does not have "standing" to bring a proceeding for judicial review to contest the denial of benefits to her father. Ms. Yates argues that lack of capacity is in issue and that lack of capacity does not affect subject matter jurisdiction. Therefore, the State cannot raise this issue for the first time on appeal. We agree with the State's contention that this is a question of subject matter jurisdiction. The superior court lacked jurisdiction to hear Ms. Yates' petition for judicial review. Therefore, we dismiss Ms. Yates' purported appeal to this court.

"Whether one has standing to obtain judicial review of administrative decisions is a question of subject matter jurisdiction." *Petition of Wheeler*, 85 N.C. App. 150, 152, 354 S.E.2d 374, 376 (1987). Questions of subject matter jurisdiction may properly be raised at any time. *See Forsyth County Bd. of Social Services v. Division of Social Services by Everhart*, 317 N.C. 689, 692, 346 S.E.2d 414, 416 (1986).

"Where a cause of action is created by statute and the statute also provides who is to bring the action, the person or persons so designated, and, ordinarily, only such persons, may sue." *State ex rel. Lanier v. Vines*, 274 N.C. 486, 492, 164 S.E.2d 161, 164 (1968) (citation omitted). No party has the right to appeal from an administrative agency's decision "unless the right is granted by statute." *In re Halifax Paper Co.*, 259 N.C. 589, 592, 131 S.E.2d 441, 444 (1963). *See also Appeal of Moravian Home, Inc.*, 95 N.C. App. 324, 382 S.E.2d 772, *rev. denied and appeal dismissed*, 325 N.C. 707, 388 S.E.2d 457 (1989); *Malloy v. Durham County Dep't of Social Services*, 58 N.C. App. 61, 293 S.E.2d 285 (1982).

The statutory provision for judicial review of DHR's decisions regarding Medicaid eligibility states that "[a]ny *applicant or recipient* who is dissatisfied with the final decision of the Department may file . . . a petition for judicial review in superior court of the county from which the case arose." G.S. 108A-79(k) (emphasis ours). An "applicant" is "any person who requests assistance or on whose behalf assistance is requested." G.S. 108A-24(1). A "recipient" is "a person to whom, or on whose behalf, assistance is granted under this Article." G.S. 108A-24(5). Because Ms. Yates is neither an applicant or a recipient she has no right to appeal from the DHR's decision. Additionally, nothing in the record shows that Ms. Yates is the legal representative of her father's estate. Therefore, this appeal must be dismissed for lack of subject matter jurisdiction.

We do not address the difficult question of whether the actions of persons in Ms. Yates' position are adequate to preserve the rights of Medicaid applicants, recipients or their legal representatives to judicial review of DHR's eligibility decisions.

For the reasons stated, this appeal is dismissed.

Dismissed.

Chief Judge HEDRICK and Judge PHILLIPS concur.