CITIZENS FOR CLEAN INDUSTRY, INC., PETITIONER, AND CITY OF WILMINGTON, INTERVENOR-PETITIONER v. JAMES S. LOFTON, SECRETARY, NORTH CAROLINA DEPARTMENT OF ADMINISTRATION, RESPONDENT, AND CAROLINA FOOD PROCESSORS, INC., INTERVENOR-RESPONDENT, AND COUNTY OF BLADEN, INTERVENOR-RESPONDENT. (91-CVS-3249)

CITIZENS FOR CLEAN INDUSTRY, INC., PETITIONER v. GEORGE T. EVERETT, DIRECTOR, NORTH CAROLINA DIVISION OF ENVIRONMENTAL MANAGEMENT, DEPARTMENT OF ENVIRONMENT, HEALTH, AND NATURAL RESOURCES, RESPONDENT AND COUNTY OF BLADEN, INTERVENOR-RESPONDENT. (91-CVS-3250)

CITIZENS FOR CLEAN INDUSTRY, INC., PETITIONER, AND CITY OF WILMINGTON, INTERVENOR-PETITIONER v. WILLIAM W. COBEY, SECRETARY, DEPARTMENT OF ENVIRONMENT, HEALTH, AND NATURAL RESOURCES, [AND] GEORGE T. EVERETT, DIRECTOR, DIVISION OF ENVIRONMENTAL MANAGEMENT, RESPONDENTS, AND CAROLINA FOOD PROCESSORS, INC., INTERVENOR-RESPONDENT AND COUNTY OF BLADEN, INTERVENOR-RESPONDENT. (91-CVS-5409)

No. 9110SC1161

(Filed 2 March 1993)

1. **Environmental Protection, Regulation, and Conservation § 71 (NCI4th) — NPDES permit application — environmental impact statement — DOA decision of no necessity — no right to contested case hearing**

   Petitioners did not have a right to an N.C.G.S. Ch. 150B, Art. 3 contested case hearing to challenge the decision of the Department of Administration that an environmental impact statement was not required in determining an application for a National Pollutant Discharge Elimination System (NPDES) permit because this decision did not automatically mean that a permit would be issued by the Department of E.H.N.R., and petitioners' action to challenge the decision did not become ripe until the Department of E.H.N.R. made its decision to issue the permit.

   **Am Jur 2d, Pollution Control §§ 153, 155.**

2. **Administrative Law and Procedure § 30 (NCI4th); Environmental Protection, Regulation, and Conservation § 71 (NCI4th) — NPDES permit — third parties — no right to contested case hearing — remedy by judicial review**

   The Office of Administrative Hearings did not have subject matter jurisdiction of a petition by third parties for a

contested case hearing concerning the issuance of an NPDES permit by the Department of E.H.N.R. since N.C.G.S. § 143-215.1(e) does not grant third parties the right to commence a contested case hearing under N.C.G.S. Ch. 150B, Art. 3. Rather, third parties may seek relief only under N.C.G.S. § 143-215.5 in the form of judicial review of the permitting decision.

**Am Jur 2d, Administrative Law § 367; Pollution Control § 170.**

3. **Environmental Protection, Regulation, and Conservation § 71 (NCI4th)— issuance of NPDES permit—final decision—contested case—judicial review by third parties**

A decision by the Department of E.H.N.R. issuing an NPDES permit was a "final decision" in a "contested case" so that no additional administrative hearing was required in order for aggrieved third parties to seek judicial review under N.C.G.S. Ch. 150B, Art. 4. The decision was "final" because it was not contested by the permittee, N.C.G.S. § 143-215.1(e), and the decision making process was a "contested case" because the rights of a party were determined. N.C.G.S. § 150B-43.

**Am Jur 2d, Administrative Law § 583; Pollution Control § 179.**

On Writ of Certiorari to review orders of dismissal entered 19 July 1991 by Judge Narley L. Cashwell in Wake County Superior Court. Heard in the Court of Appeals 30 November 1992.

This case arises from the issuance of a National Pollutant Discharge Elimination System (NPDES) permit by the Department of Environmental Health and Natural Resources (DEHNR) to Carolina Food Processors, Inc. (CFP). On 29 June 1990, Bladen County applied to the Division of Environmental Management (DEM), a division of DEHNR, for a permit to discharge water from a waste water treatment plant into the Cape Fear River. The treatment plant was to be used by CFP in its proposed hog slaughtering facility. Eventually the application process was abandoned by Bladen County and assumed by CFP.

A private consulting firm prepared an environmental assessment (EA) which was used by DEM in the permit decision making process. In December 1990, DEM made a finding of no significant

CITIZENS FOR CLEAN INDUSTRY v. LOFTON

[109 N.C. App. 229 (1993)]

impact (FONSI). DEM submitted the EA/FONSI to the clearinghouse of the Department of Administration (DOA), the primary agency for ensuring compliance with the N.C. Environmental Protection Act (NCEPA). DOA determined that there was compliance with NCEPA and that no environmental impact statement (EIS) need be prepared. Citizens for Clean Industry (CCI) petitioned DOA to reconsider this decision. On 25 March 1991, DOA reaffirmed its decision not to require an EIS. Thereafter, on 27 March 1991, CCI filed a petition in the Office of Administrative Hearings (OAH), naming DOA as respondent and seeking a stay of the EA/FONSI and a direction to prepare an EIS. CCI filed an action in Wake County Superior Court seeking the same relief on the same day. On 11 April 1991, OAH stayed the effectiveness of the EA/FONSI.

On 28 March 1991, DEM issued the NPDES permit to CFP. CCI then filed a second petition in OAH, this time naming DEM and DEHNR as respondents, seeking a hearing concerning the lawfulness of the permit issuance and a stay of the effectiveness of the permit. On 24 May 1991, CCI filed another action in Wake County Superior Court seeking the same relief.

City of Wilmington (City) was allowed to intervene and CFP was joined as a necessary party in all the above actions. On 3 June 1991, CFP petitioned the superior court for a writ of certiorari, a writ of supersedeas, and a temporary stay of the OAH actions. The superior court granted the motion to stay on that day. On 19 July 1991, the superior court issued a Writ of Certiorari and Order in which it ordered OAH to dismiss the proceedings before it and to withdraw all orders, decrees, and stays entered therein on the ground that OAH lacked subject matter jurisdiction. Soon thereafter the corresponding superior court actions were dismissed.

*John D. Runkle for petitioner, Citizens for Clean Industry, Inc. (John M. Memory, who was allowed to withdraw as counsel, filed the brief for petitioner prior to withdrawal.)*

*City Attorney, Thomas C. Pollard, for intervenor-petitioner, City of Wilmington.*

*Attorney General Lacy H. Thornburg, by Special Deputy Attorneys General Daniel F. McLawhorn and Daniel C. Oakley, for respondents state agencies.*

*Ward and Smith, P.A., by Richard C. De Young, III and I. Clark Wright, Jr., for intervenor-respondent Carolina Food Processors, Inc.*

*Johnson and Johnson, by W. Léslie Johnson, Jr., for intervenor-respondent Amicus Curiae Bladen County.*

ARNOLD, Chief Judge.

Petitioners assign error to six of the various conclusions of law in Judge Cashwell's order. Basically though, petitioners present two questions: (1) whether they are legally entitled to an administrative hearing in OAH concerning the DOA decision, and (2) whether they are legally entitled to an administrative hearing in OAH concerning the permitting decision of DEHNR.

The purpose of an EA is to provide DEHNR with a decision making tool to determine if a planned project is of such significance or scope and impact on the environment as to require the preparation of an EIS. N.C. Admin. Code tit. 1, r. 25.0501 (Feb. 1986). Once the EA is prepared, DEHNR must decide if it is satisfied as to the completeness of its assessment. If no adverse environmental impacts are predicted, DEHNR then submits the EA/FONSI to the clearinghouse of DOA for review. N.C. Admin. Code tit. 1, r. 25.0504(a) (Feb. 1986). Pursuant to Chapter 25 of N.C. Admin. Code tit. 1, DOA is designated the primary agency for ensuring compliance with NCEPA and uses the clearinghouse for that purpose. N.C. Admin. Code tit. 1, r. 25.0211(a) (Feb. 1986). After circulating the environmental documents and receiving comments on them, the clearinghouse recommends to the secretary of DOA whether or not an EIS should be prepared. N.C. Admin. Code tit. 1, r. 25.0506 (Feb. 1986). If there are no significant comments, DOA notifies DEHNR of compliance with NCEPA. *Id.* Thereafter, any agency or citizen may request a reconsideration of DOA's decision. N.C. Admin. Code tit. 1, r. 25.0701 (Feb. 1986). DOA either affirms or reverses the decision at which point it is final. N.C. Admin. Code tit. 1, r. 25.0703 (Feb. 1986).

[1] DOA reconsidered its decision that an EIS was not required in this case and affirmed. CCI and City contend that they now have a right to commence a contested case hearing under N.C. Gen. Stat. § 150B to challenge that decision. The superior court judge determined that DOA's decision did not ripen into a contested case until DEHNR decided to issue a permit, and that the decision

is interlocutory and does not give rise to a contested case. Petitioners take issue with those conclusions.

Petitioners claim they have a right to a contested case hearing concerning DOA's decision. We disagree and therefore affirm the superior court's order to the extent that it precludes an N.C. Gen. Stat. § 150B Article 3 contested case hearing concerning the DOA decision.

The DOA decision that an EIS was not required did not automatically mean that a permit would be issued by DEHNR. Petitioners' action to challenge the decision did not become ripe until DEHNR made its decision to issue the NPDES permit to CFP. *See Orange County v. Department of Transp.*, 46 N.C. App. 350, 367, 265 S.E.2d 890, 903, *disc. review denied*, 301 N.C. 94 (1980) (action to challenge sufficiency of EIS not ripe until Department of Transportation approved location of highway corridor following the preparation of the EIS). Because petitioners' claim was not ripe at the time of DOA's decision, they did not have the right to a contested case hearing.

[2] Additionally, petitioners assign error to the portions of the order which preclude them from a contested case hearing concerning the issuance of the NPDES permit by DEHNR. The superior court determined that OAH did not have subject matter jurisdiction over the petition for contested case hearing. We agree and therefore affirm that portion of the superior court's order.

The NPDES permitting statute states: "Administrative Review — A permit applicant or permittee who is dissatisfied with a decision of the Commission may commence a contested case by filing a petition under G.S. 150B-23 within 30 days after the Commission notifies the applicant or permittee of its decision." N.C. Gen. Stat. § 143-215.1(e) (Cum. Supp. 1992). Within that same article is found the following language: "Article 4 of Chapter 150B of the General Statutes governs judicial review of a final decision of the Secretary or of an order of the Commission under this Article." N.C. Gen. Stat. § 143-215.5 (Cum. Supp. 1992).

Noticeably missing from the administrative review section, § 143-215.1(e), is any mention of the right of third parties to commence a contested case hearing. "Where a cause of action is created by statute and the statute also provides who is to bring the action, the person or persons so designated, and, ordinarily, only such

persons, may sue." *Yates v. Department of Human Resources*, 98 N.C. App. 402, 404, 390 S.E.2d 761, 762 (1990) (quoting *State ex rel. Lanier v. Vines*, 274 N.C. 486, 492, 164 S.E.2d 161, 164 (1968)). Because N.C. Gen. Stat. § 143-215.1(e) does not grant third parties the right to commence a contested case hearing under Article 3 of Chapter 150B, petitioners have no right to seek that particular relief. *Batten v. Department of Correction*, 326 N.C. 338, 342-43, 389 S.E.2d 35, 38 (1990). Petitioners may seek relief only under § 143-215.5 in the form of judicial review of the permitting decision.

[3] Article 4 of Chapter 150B requires a "final decision" in a "contested case" before an aggrieved party may seek judicial review. N.C. Gen. Stat. § 150B-43 (1991). There seems to be no dispute that CCI and City are aggrieved parties. N.C. Gen. Stat. § 143-215.1(e) provides that unless the decision of DEHNR is contested by the permittee or applicant, it becomes "final" and not subject to review. We hold that the permitting decision is "final" within the meaning of G.S. § 150B-43.

The remaining question is whether the permitting decision is a "contested case" so that no additional administrative hearing is required before seeking judicial review. Case law construing the term "contested case" indicates that the facts of the present case constitute a contested case, without resorting to a hearing under Article 3 of 150B. In *Tennessee v. Environmental Management Comm'n*, 78 N.C. App. 763, 338 S.E.2d 781 (1986), this Court dealt with a similar question arising under G.S. § 150A-43. The definition of contested case there and here is effectively the same. Notably, in that case Tennessee was granted the right to judicial review without an administrative hearing. The Court stated that a special consent order was a contested case even though no adjudicatory hearing was held. *Tennessee*, 78 N.C. App. at 768, 338 S.E.2d at 784. This Court later held, in *Community Psychiatric Centers v. Department of Human Resources*, 103 N.C. App. 514, 405 S.E.2d 769 (1991), that the term "contested case" as used in N.C. Gen. Stat. § 150B-43 is broader than the concept of "contested case hearing." *See also Charlotte Truck Driver Training School, Inc. v. Division of Motor Vehicles*, 95 N.C. App. 209, 381 S.E.2d 861 (1989) where this Court held that for the purpose of judicial review, a contested case only requires an agency proceeding which determines the rights of a party. *Charlotte*, 95 N.C. App. at 212, 381 S.E.2d at 862 (in person interview and investigation satisfactorily serves as a contested case). Finally, there is *Concerned Citizens*

*v. Environmental Management Comm'n*, 89 N.C. App. 708, 367 S.E.2d 13 (1988) which states that an aggrieved third party's relief in an NPDES decision making process is judicial review pursuant to G.S. 150B-45. *Citizens*, 89 N.C. App. at 710-11, 367 S.E.2d at 14-15.

In light of these decisions, we decide that the decision making process in this case is a "contested case" so that CCI and City are not entitled to an administrative hearing before seeking judicial review.

The order of the superior court is therefore affirmed.

Affirmed.

Judges JOHNSON and ORR concur.