EMPIRE POWER COMPANY, AND GEORGE CLARK, PETITIONERS v. N.C. DEPARTMENT OF ENVIRONMENT, HEALTH AND NATURAL RESOURCES, DIVISION OF ENVIRONMENTAL MANAGEMENT, RESPONDENT, AND DUKE POWER COMPANY, INTERVENOR-RESPONDENT

No. 9210SC1150

(Filed 16 November 1993)

1. **Administrative Law and Procedure § 30 (NCI4th); Environmental Protection, Regulation, and Conservation § 63 (NCI4th) — issuance of air quality permit — contested case hearing — no right of third party to seek**

Third parties may not seek a contested case hearing under N.C.G.S. § 143-215.108(e) to challenge DEHNR issuance of an air quality permit.

**Am Jur 2d, Administrative Law §§ 340-375; Pollution Control §§ 64, 69, 70.**

EMPIRE POWER CO. v. N.C. DEPT. OF E.H.N.R.

[112 N.C. App. 566 (1993)]

2. **Administrative Law and Procedure § 55 (NCI4th); Environmental Protection, Regulation, and Conservation § 63 (NCI4th) — issuance of air quality permit — right of landowner and power company to judicial review**

A power company and a landowner were entitled to judicial review of DEHNR's decision to grant an air quality permit without requiring an environmental impact statement, since (1) the power company was an aggrieved person because its interest in having DEHNR prepare an EIS before issuing a permit and its interest in the air resources of the State were adversely affected by DEHNR's granting of the permit; (2) the landowner qualified as an aggrieved person because he owned and lived on property adjacent to the permit site; (3) because Duke Power did not file a petition challenging the decision of DEHNR within 30 days after DEHNR notified Duke of the permitting decision, the permitting decision was final; (4) the decision making process was a contested case since there was an agency proceeding in which written comments were submitted, a public hearing was held, and DEHNR's hearing officer allegedly reviewed these comments and then determined the rights of everyone involved by deciding that an EIS was not required before issuing a permit; (5) the power company and the landowner had exhausted their only available administrative remedy, which was participating in the agency's decision making process by filing comments during the 30-day public comment period held by the State, requesting a public hearing when a draft permit was issued, and speaking at the public hearing; (6) there was no other statute providing adequate procedure for judicial review; and (7) the language of N.C.G.S. § 143-215.108(e) does not prohibit judicial review of a final agency decision in a contested case by an aggrieved third party where the permit or permit applicant has not challenged the agency decision.

**Am Jur 2d, Administrative Law §§ 575, 576; Pollution Control §§ 64, 69, 70.**

Appeal by respondent and intervenor-respondent from order entered 22 September 1992 in Wake County Superior Court by Judge Henry V. Barnette, Jr. Heard in the Court of Appeals 6 October 1993.

*Broughton, Wilkins, Webb & Jernigan, P.A., by William Woodward Webb, for petitioner-appellee Empire Power Company.*

*Patterson, Harkavy & Lawrence, by Donnell Van Noppen, III, for petitioner-appellee George Clark.*

*Attorney General Lacy H. Thornburg, by Associate Attorney General James Holloway, for respondent-appellant State.*

*Duke Power Company Legal Department, by Associate General Counsel William L. Porter and Senior Attorney, Garry S. Rice, Womble Carlyle Sandridge & Rice, by Yvonne C. Bailey and Karen Estelle Carey, for intervenor-appellant Duke Power Company.*

GREENE, Judge.

The North Carolina Department of Environment, Health and Natural Resources, Division of Environmental Management (DEHNR) and Duke Power Company (Duke) appeal from dismissal of their petition for writ of certiorari to review the Order by an Administrative Law Judge (ALJ) denying their motions to dismiss for lack of subject matter jurisdiction over a third party's petition for contested case hearing. Although we are compelled to dismiss this appeal because the record does not contain a certificate of service of the notice of appeal as required by Rule 26 of the North Carolina Rules of Appellate Procedure, *Hale v. Afro-American Arts International*, 110 N.C. App. 621, 430 S.E.2d 457 (1993), we choose to treat this appeal as a petition for writ of certiorari and grant the writ pursuant to N.C. Gen. Stat. § 7A-32(c) (1989).

On 4 September 1991, DEHNR issued public notice that it had awarded a draft air quality permit to Duke for the construction and operation of sixteen combustion turbine electric generating units at the Lincoln Combustion Turbine Station (LCTS) in Lincoln County, North Carolina. All public comments on the draft LCTS permit had to be filed with DEHNR by 10 October 1991. On 1 October 1991, Empire Power Company (Empire) filed written comments opposing the finalization of the draft permit. George Clark (Clark), who owns and lives on property in Lincoln County immediately adjacent to the proposed LCTS, participated in the agency's administrative process due to the impact the LCTS will have on his home and family by submitting written comments and speak-

ing at a public hearing. Mr. Arthur Mouberry (Mouberry), DEHNR's assigned hearing officer, allegedly reviewed the comments received and recommended finalization of the draft LCTS permit with minor revisions. Mouberry also determined that an Environmental Impact Statement (EIS) was not required under N.C. Gen. Stat. §§ 113A-1 to -10 (1989) prior to the issuance of the final permit. On 20 December 1991, DEHNR finalized the draft permit and issued Permit No. 7171 (Permit) to Duke for the LCTS. On 10 January 1992, Empire filed a Petition for Contested Case Hearing with the North Carolina Office of Administrative Hearings (OAH) seeking review of DEHNR's decision to (1) issue the Permit under State and Federal Prevention of Significant Deterioration (PSD) regulations, and (2) issue the Permit without requiring preparation of an EIS. On 21 January 1992, Clark also filed a Petition for Contested Case Hearing with the OAH, alleging the Permit violates governing laws and regulations.

In February, 1992, DEHNR filed motions to dismiss in both cases for lack of subject matter jurisdiction. Duke was allowed to intervene in both the Empire case and the Clark case which were consolidated by Order of the ALJ on 28 February 1992. On 17 July 1992, Duke filed motions to dismiss for lack of subject matter jurisdiction in both cases. By Order dated 13 August 1992, the ALJ denied all four motions to dismiss filed by DEHNR and Duke.

On 18 August 1992, DEHNR and Duke filed a Petition for Writ of Certiorari in Wake County Superior Court which was granted *ex parte*. On 8 September 1992, Clark filed a motion to dismiss the Petition for Writ of Certiorari on the grounds that the petition was granted without legal basis and should be dismissed. On 22 September 1992, the trial court issued an order (1) allowing Clark's motion to dismiss the judicial proceeding; and (2) remanding the case to the OAH for further proceedings.

---

The issues presented are whether (I) third parties are entitled to a contested case hearing in OAH to challenge DEHNR's issuance of an air quality permit; and (II) third parties are entitled to judicial review to challenge DEHNR's issuance of an air quality permit.

I

[1] The air quality permitting statute under Article 21B which governs air pollution control states:

> A permit applicant or permittee who is dissatisfied with a decision of the [Environmental Management] Commission may commence a contested case by filing a petition under G.S. 150B-23 within 30 days after the Commission notifies the applicant or permittee of its decision. If the permit applicant or permittee does not file a petition within the required time, the Commission's decision on the application is final and is not subject to review.

N.C.G.S. § 143-215.108(e) (Supp. 1992). This language is identical to the provision governing administrative review of National Pollutant Discharge Elimination System permitting for water pollution control, N.C.G.S. § 143-215.1(e) (Supp. 1992), interpreted by this Court in *Citizens for Clean Industry, Inc. v. Lofton*, 109 N.C. App. 229, 427 S.E.2d 120 (1993). In *Citizens*, this Court concluded that since N.C. Gen. Stat. § 143-215.1(e) created a cause of action providing that only the permit applicant or permittee may commence a contested case hearing, *Yates v. North Carolina Dep't of Human Resources*, 98 N.C. App. 402, 404, 390 S.E.2d 761, 762 (1990), third parties had no right to a contested case hearing under Article 3 of Chapter 150B. *Citizens*, 109 N.C. App. at 234, 427 S.E.2d at 123. Because the language in Section 143-215.108(e) is identical to the language in Section 143-215.1(e) and because of the construction placed by this Court in *Citizens* on the language of Section 143-215.1(e), we now hold that third parties may not seek a contested case hearing under Section 143-215.108(e) to challenge DEHNR's issuance of an air quality permit.

In so holding, we reject the argument of Empire and Clark that a 1991 amendment to Chapter 150B requires a different result. The 1991 Amendment provides that "[t]his Chapter confers procedural rights" and that "[t]he contested case provisions of this Chapter apply to all agencies and all proceedings not expressly exempted." N.C.G.S. § 150B-1(b), (e) (1991). Empire and Clark argue that this language entitles third parties to contested case hearings. Although the 1991 Amendment was not effective when the *Citizens* Court construed N.C. Gen. Stat. § 143-215.1(e), a different result is not required. The 1991 Amendment merely confirms that when a person is aggrieved by agency action, the APA only "describe[s] the procedures" for OAH review in the event the North Carolina General Assembly vests a party with the right to administrative review, such as a contested case hearing. *Batten v. North Carolina Dep't of Correction*, 326 N.C. 338, 342-43, 389 S.E.2d 35, 38 (1990);

*North Carolina Elec. Membership Corp. v. North Carolina Dep't of Economic & Community Dev.*, 108 N.C. App. 711, 720, 425 S.E.2d 440, 446 (1993) (where statutory language is ambiguous, amendment may be deemed as a clarification of language expressing the law).

## II

**[2]** We now address whether Empire and Clark are nonetheless entitled to judicial review of DEHNR's decision to grant an air quality permit to Duke. Section 143-215.5 of Article 21 states that "Article 4 of Chapter 150B of the General Statutes governs judicial review of a final decision of the Secretary or of an order of the Commission under this Article **and Articles 21A and 21B of this Chapter.**" N.C.G.S. § 143-215.5 (Supp. 1992) (emphasis added). Article 4, N.C. Gen. Stat. § 150B-43 imposes five requirements in order to obtain judicial review: (1) the petitioner must be an aggrieved party; (2) there must be a final decision; (3) the decision must result from a contested case; (4) the petitioner must have exhausted all administrative remedies; and (5) there must be no other adequate procedure for judicial review. N.C.G.S. § 150B-43 (1991); *Charlotte Truck Driver Training School v. N.C. DMV*, 95 N.C. App. 209, 211-12, 381 S.E.2d 861, 862 (1989).

Section 150B-2(6) defines an aggrieved person as "any person or group of persons of common interest directly or indirectly affected substantially in his or its person, property, or employment by an administrative decision," N.C.G.S. § 150B-2(6) (1991); therefore, legal or personal rights or interests must be adversely affected before a person is aggrieved. *Carter v. N.C. State Bd. for Professional Engineers*, 86 N.C. App. 308, 313, 357 S.E.2d 705, 708 (1987); N.C.G.S. § 150B-2(7) (1991) (person includes natural person, partnership, corporation, body politic, unincorporated association, organization, or society which may sue or be sued under common name). Empire satisfies the definition of an aggrieved person because its interest in having DEHNR prepare an EIS before issuing a permit and its interest in the air resources of the State are adversely affected by DEHNR's granting of the Permit. Clark also qualifies as an aggrieved person as he owns and lives on property adjacent to the proposed LCTS site. *See Orange County v. North Carolina Dept. of Transportation*, 46 N.C. App. 350, 361, 265 S.E.2d 890, 899 (procedural injury implicit in agency failure to prepare EIS

sufficient if petitioner expected to suffer due to geographical nexus), *disc. rev. denied*, 301 N.C. 94, --- S.E.2d --- (1980).

In addition to the requirement that the petitioner be an aggrieved party, there must be a final agency decision before the petitioner is entitled to judicial review. Section 143-215.108(e) provides that unless the decision of DEHNR is contested by the permittee or permit applicant, it becomes "final and is not subject to review." N.C.G.S. § 143-215.108(e). Because Duke did not file a petition challenging the decision of DEHNR within 30 days after DEHNR notified Duke of the permitting decision, we hold that the permitting decision is final. *See Citizens*, 109 N.C. App. at 234, 427 S.E.2d at 123.

To obtain judicial review, the final decision must concern a contested case, defined as "an administrative proceeding pursuant to this Chapter to resolve a dispute between an agency and another person that involves the person's rights, duties, or privileges, including licensing . . . ." N.C.G.S. § 150B-2(2) (1991). In this case, although there was no hearing before an ALJ, there was an agency proceeding in which written comments were submitted, a public hearing was held, and Mouberry, DEHNR's hearing officer, allegedly reviewed these comments and then determined the rights of everyone involved by deciding that an EIS was not required before issuing a permit and that the draft LCTS permit should be finalized. This decision making process is a contested case since it involved an agency proceeding determining the rights of a party. *See Charlotte Truck Driver Training School*, 95 N.C. App. at 212, 381 S.E.2d at 862-63 (in person interview and investigation conducted by agency hearing officer is contested case); *Charlotte-Mecklenburg Hosp. Authority v. N.C. Dept. of Human Resources*, 83 N.C. App. 122, 124, 349 S.E.2d 291, 292 (1986) (term "contested case" does not refer only to actions in which an adjudicatory hearing has been held, but rather to any agency proceeding which determines rights of a party and is therefore broader than "contested case hearing").

Furthermore, although we have determined Empire and Clark, as third parties, have no right to a contested case hearing, they have nevertheless exhausted their only available administrative remedy, i.e., participating in the agency's decision making process by filing comments during the 30-day public comment period held by the State, requesting a public hearing when a draft permit

EMPIRE POWER CO. v. N.C. DEPT. OF E.H.N.R.

[112 N.C. App. 566 (1993)]

was issued, and speaking at the public hearing. Empire and Clark can also meet the fifth requirement of Section 150B-43 because there is no other statute providing adequate procedure for judicial review.

Although Empire and Clark meet the requirements for obtaining judicial review pursuant to Section 150B-43, a question remains as to whether the language in Section 143-215.108(e), which provides that unless the decision of DEHNR is contested by the permittee or permit applicant, it is "not subject to review," precludes third parties from seeking judicial review when the permittee or permit applicant has not contested the agency decision. The language "not subject to review" necessarily means the permit applicant or permittee may seek neither a contested case hearing before an ALJ under Section 143-215.108(e) nor judicial review under Section 150B-43 if the permittee or permit applicant has not filed a petition within 30 days of notification of the agency's decision. *See* N.C.G.S. § 143-215.108(e). We do not read this language to prohibit judicial review of a final agency decision in a contested case by an aggrieved third party where the permit or permit applicant has not challenged the agency decision. In summary, because Empire and Clark are parties aggrieved by a final agency decision in a contested case and because they have exhausted all available administrative remedies and there is no other statute providing for judicial review, they are entitled to judicial review under N.C. Gen. Stat. § 150B-43.

For these reasons, the trial court erred in granting Clark's motion to dismiss respondents' petition for writ of certiorari. We reverse and remand to the superior court for entry of an order reversing the ALJ's decision denying Duke and DEHNR's motions to dismiss for lack of subject matter jurisdiction. We note that although petitioners have waived their right to judicial review by failing to file a petition within the required time, petitioners may file a petition with the superior court pursuant to N.C. Gen. Stat. § 150B-45. Though its filing would be untimely, the superior court clearly has discretionary authority to allow late filing for good cause shown. *Id.*

Reversed and remanded.

Judges EAGLES and ORR concur.