[145 N.C. App. 497 (2001)]

CITIZENS FOR RESPONSIBLE ROADWAYS, TOWN OF SUMMERFIELD, WILLIAM E. KNOX, AMY LIXIL-PURCELL, GAY E. CHENEY, AND THE NORTH CAROLINA ALLIANCE FOR TRANSPORTATION REFORM, PLAINTIFFS v. NORTH CAROLINA DEPARTMENT OF TRANSPORTATION AND DAVID McCOY, IN HIS OFFICIAL CAPACITY, DEFENDANTS

No. COA00-812

(Filed 7 August 2001)

**Administrative Law— agency decision—judicial review—connector roadway improvements**

  The trial court did not err by granting defendants' motion to dismiss plaintiffs' complaint seeking injunctive relief from defendant Department of Transportation's adoption of a transportation improvement program regarding connector roadway improvements and its approval of an environmental assessment, because: (1) plaintiffs' failure to comply with the judicial review provisions of N.C.G.S. § 113A-13 within thirty days of the agency decision waived their right to seek judicial review under N.C.G.S. § 150B-45; and (2) plaintiffs waited over four years after the finding of no significant impact was issued to file their petition with the Court of Appeals.

  Plaintiffs appeal from order entered 11 April 2000 by Judge Steve A. Balog in Guilford County Superior Court. Heard in the Court of Appeals 18 April 2001.

  *Smith, James, Rowlett & Cohen, L.L.P., by Norman B. Smith, for plaintiffs-appellants Citizens for Responsible Roadways, William E. Knox, Amy Lixil-Purcell, Gay E. Cheney, and the North Carolina Alliance for Transportation Reform; William B. Trevorrow, for the plaintiff-appellant Town of Summerfield.*

  *Attorney General Michael F. Easley, by Assistant Attorney General Fred Lamar, for defendants.*

TYSON, Judge.

## I. Facts

  The North Carolina Department of Transportation ("NCDOT") determines future transportation needs and alternatives through adoption of a Transportation Improvement Program ("TIP"). N.C. Gen. Stat. § 143B-350 (1998). A TIP project, designated as R-2413

("Connector"), consisted of: (1) connector roadway improvements to US Highway 220 beginning in Rockingham County, just north of Guilford County, and (2) a portion of the new controlled access roadway between N.C. Highway 68 and US Highway 220 in Guilford County connecting to N.C. Highway 68 south. NCDOT prepared and approved an environmental assessment ("assessment") on 14 September 1993, as required by the North Carolina Environmental Policy Act ("NCEPA"), N.C. Gen. Stat. § 113A-4 (1992), and associated regulations. N.C. Admin. Code tit 1, r. 25.0401(a). The assessment consisted of environmental and area impacts for various proposed alternatives of R-2413.

After approval, NCDOT submitted the assessment to the State Clearinghouse. The Clearinghouse circulates assessment documents to state and local officials for comments and provides notice to the public of the availability of the assessment for review and comment. N.C. Admin. Code tit. 1, Chapter 25. Public notice requirements and opportunities for comments were provided in accordance with the statutes and the Administrative Code.

Comments from agencies and the public were received. After receipt of the comments, NCDOT issued a Finding of No Significant Impact ("FONSI"), on 31 March 1995. A FONSI is NCDOT's finding that a full Environmental Impact Statement ("EIS") is unnecessary. A design public hearing was scheduled and held for the interested public shortly after the issuance of FONSI. In November 1995, the United States Congress directed that the Connector road be part of the future I-73/I-74 north-south corridor.

Over four years after the FONSI was issued, plaintiffs filed a complaint on 24 May 1999 seeking injunctive relief, alleging that defendants failed to comply with NCEPA by: (1) failure to prepare a sufficient assessment, (2) failure to prepare an environmental impact statement, and (3) violation of certain statutory standards of NCEPA.

Defendants answered and filed a motion to dismiss on the grounds of Rule 12(b)(1) and/or 12(b)(2), lack of subject matter and/or personal jurisdiction, and Rule 12(b)(6) plaintiffs' failure to state a claim upon which relief can be granted. N.C. R. Civ. P. 12.

The trial court granted defendants' motion to dismiss on 11 April 2000 for (1) lack of subject matter and personal jurisdiction; (2) plaintiffs' failure to comply with the judicial review provisions of N.C. Gen. Stat. § 150B-43 *et seq.*; (3) plaintiffs' failure to comply with the

judicial review provisions of N.C. Gen. Stat. § 113A-13, waiving their right to seek review under N.C. Gen. Stat. § 150B-45; and (4) plaintiffs' failure to state a claim upon which relief may be granted. Plaintiffs appeal. We affirm the trial court's decision.

## II. Issue

The issue is whether plaintiffs' complaint states a claim for relief, if plaintiffs did not timely exercise their right to judicial review under G.S. § 150(B)-43.

## A. Timeliness

The North Carolina Administrative Procedure's Act ("NCAPA") states that:

> [i]t is the policy of this State that any dispute between an agency and another person that involves the person's rights, duties or privileges . . . should be settled through informal procedures . . . [i]f the agency and the other person do not agree to a resolution of the dispute through informal procedures, either the agency or the person may commence an administrative proceeding to determine the person's rights, duties, or privileges, at which time the dispute becomes a 'contested case.'

N.C. Gen. Stat. § 150B-22 (1998). Chapter 150B also "establishes a uniform system of administrative rule making and adjudicatory procedures for agencies" and "applies to every agency," unless an agency is expressly exempted. N.C. Gen. Stat. Sec. 150B-1 (1995). "The Department of Transportation, except as provided in G.S. 136-29 (construction contract claims)" is expressly exempt from the contested case provisions. N.C. Gen. Stat. Sec. 150B-1(e)(8) (1995). Plaintiffs cannot petition for a hearing before the Office of Administrative Hearings ("OAH") in this case.

This Court has held that judicial review of agency decisions in Superior Court, pursuant to 150B-43, was proper in cases where no prior proceeding was held before the OAH. *See, e.g., Empire Power Co. v. N.C. Dept. of E.H.N.R.*, 112 N.C. App. 566, 572, 436 S.E.2d 594, 598 (1993) (citations omitted) ("although there was no hearing before an ALJ, there was an agency proceeding . . . determining the rights of a party"), *rev'd on other grounds*, 337 N.C. 569, 447 S.E.2d 768 (1994); *Charlotte Truck Driver Training School v. N.C. DMV*, 95 N.C. App. 209, 212, 381 S.E.2d 861, 862-63 (1989) (finding that interview and investigation by agency hearing officer is a contested case);

*Hedgepeth v. North Carolina Div. of Servs. for the Blind*, 142 N.C. App. 338, 345, 543 S.E.2d 169, 173-74 (2001) (proceeding before an agency hearing officer and review by director became the final agency decision to constitute a contested case for judicial review). Once a final decision is served, a party may petition for judicial review. N.C. Gen. Stat. § 150B-43 (1985). N.C. Gen. Stat. § 150B-45 (1987) states that:

> [t]o obtain judicial review of a final decision under this Article, the person seeking review must file a petition in the Superior Court of Wake County or in the superior court of the county where the person resides. *The person seeking review must file the petition within 30 days after the person is served with a written copy of the decision.* A person who fails to file a petition within the required time waives the right to judicial review under this Article. For good cause shown, however, the superior court may accept an untimely petition. (emphasis supplied.)

"Administrative and judicial review of an environmental document is incidental to, and may only be undertaken in connection with, review of the agency action. No other review of an environmental document is allowed." N.C. Gen. Stat. § 113A-13 (1992).

Plaintiffs' failure to comply with the judicial review provisions of N.C. Gen. Stat. § 113A-13 within thirty days of the agency decision waived their right to seek judicial review under N.C. Gen. Stat. § 150B-45. This failure to comply with NCAPA's administrative review requirements is sufficient to affirm the trial court's decision.

### B. Final Decision

Plaintiffs rely on *Orange County v. North Carolina Department of Transportation*, 46 N.C. App. 350, 265 S.E.2d 890 (1980) in support of their position that their complaint was timely filed. That reliance is misplaced. *Orange* is inapposite to these facts.

The *Orange* court held that the proposed I-40 project was not administratively processed pursuant to an approved "action plan." The court could not determine at what stage in the action plan the Board's action was taken, which in turn prevented a determination of finality of the board's action. If no final decision was made, the statute of limitations never actually began to run.

In this case, NCDOT prepared and approved an assessment on 14 September 1993. After approval, NCDOT submitted the assess-

ment to the Clearinghouse for outside agency and public hearing review. NCDOT issued a FONSI on 31 March 1995. NCEPA provides that once a state agency issues a FONSI, the clearinghouse circulates these documents to state and local officials for comments and provides notice to the public of the availability of the environmental documents for comment and review. After the requisite review period, and based upon the comments received, the clearinghouse advises the project agency on the sufficiency of information provided in the FONSI and whether or not the documents can support the conclusions of the project agency. N.C. Admin. Code tit 1, r. 25.0506(c). Further environmental review is not required. N.C. Gen. Stat. § 113A-9.

Plaintiffs waited over four years, after the FONSI was issued on 31 March 1995, to file their petition with the court.

Affirmed.

Judges WALKER and HUNTER concur.