THOMAS GARLAND DYER v. THOMAS W. BRADSHAW, JR., SECRETARY OF THE N. C. DEPARTMENT OF TRANSPORTATION, IN HIS OFFICIAL AND INDIVIDUAL CAPACITY, AND HIS AGENTS, ASSIGNS, AND SUCCESSORS IN INTEREST

No. 8110SC140

(Filed 6 October 1981)

**Master and Servant § 10.2— dismissal from employment—superior court without jurisdiction—no "contested case"—no entitlement to procedural due process**

> Where plaintiff was discharged from employment in the Department of Transportation for improper use of state equipment, the superior court was without jurisdiction to hear his appeal. G.S. 150A-43 of the Administrative Procedure Act provides, among other things, that plaintiff is not entitled to judicial review unless his is a "contested case," and review by an Employee Relations Committee was not an adjudicatory hearing making defendant's case "contested." Neither did plaintiff's claim entitle him to procedural due process as his employment contract did not provide him with a legitimate expectation of continued employment and there was no statutory recognition of a property interest as plaintiff has been employed by the State for less than five years. G.S. 126-4 and G.S. 126-39.

APPEAL by plaintiff from *Lee, Judge.* Judgment entered 9 January 1981 in Superior Court, WAKE County. Heard in the Court of Appeals 15 September 1981.

Plaintiff was discharged by defendant Bradshaw, Secretary of the North Carolina Department of Transportation, for improper use of state equipment. On 28 August 1980, plaintiff filed a complaint in Superior Court seeking judicial review of his discharge under G.S. 150A-43. Defendant moved to dismiss pursuant to G.S. 1A-1, Rule 12(b)(6). The court allowed the motion. Plaintiff appeals.

Plaintiff was first employed by the North Carolina Department of Transportation on 3 August 1975. On 28 December 1979, plaintiff was involved in an accident while driving a state-owned GMC dump truck. As a result of the accident, the Department lost use of the vehicle for three months and spent $1,498.76 for vehicle repair. An investigation by the Department of Transportation revealed that plaintiff was exceeding a safe speed while driving the truck. He was also out of his work area without proper authorization. Plaintiff was subsequently discharged from employment.

Pursuant to the Department of Transportation's personnel manual, plaintiff was provided an opportunity to present his case to a five-member Employee Relations Committee. The Committee recommended that plaintiff be reinstated. Defendant, nevertheless, upheld plaintiff's dismissal.

*Attorney General Edmisten, by Associate Attorney James W. Lea, III, and Assistant Attorney General J. Chris Prather, for respondent appellee.*

*Western North Carolina Legal Services, Inc., by Patrick Lordeon and Raymond D. Large, for plaintiff appellant.*

VAUGHN, Judge.

The sole issue presented is whether the Superior Court had jurisdiction under any statute to review defendant's action in upholding plaintiff's dismissal. We hold the Superior Court was without jurisdiction and therefore properly dismissed plaintiff's complaint.

Plaintiff seeks judicial review of defendant's decision under G.S. 150A-43 of the Administrative Procedure Act. The statute provides:

Any person who is aggrieved by a final agency decision in a contested case, and who has exhausted all administrative remedies made available to him by statute or agency rule, is entitled to judicial review of such decision under this Article, unless adequate procedure for judicial review is provided by some other statute, in which case the review shall be under such other statute. . . .

G.S. 150A-43 (1973). There are five requirements under this statute: (1) plaintiff must be an aggrieved person; (2) there must be a final agency decision; (3) the decision must result from a contested case; (4) plaintiff must have exhausted administrative remedies; (5) there must be no other adequate procedure for judicial review.

. In the case at bar, plaintiff fails to meet the third element of a "contested case." "Contested case" is defined by G.S. 150A-2(2) as "any agency proceeding, by whatever name called, wherein the legal rights, duties, or privileges of a party are *required by law* to be determined by an agency after an opportunity for an *adjudicatory hearing."* (Emphasis added). It is clear that no statute requires the Secretary of Transportation to provide an adjudicatory hearing in reviewing the recommendation of the Employee Relations Committee.

Chapter 4 of Title 19A, North Carolina Administrative Code, sets forth the mechanics for dismissal of an employee of the Department of Transportation. The unit head must thoroughly investigate the case before taking any action. If the unit head discharges an employee and the employee feels his dismissal was unjustified, the aggrieved person may then appeal to an Employee Relations Committee. The Employee Relations Committee is a five-member panel appointed by the Department of Transportation's Director of Personnel. The decision handed down by this Committee is then reviewed by the Secretary of the Department of Transportation. According to 4B.0303, "the Secretary may either agree or disagree with the recommendations made by the committee." At no point does Chapter 4 require the Secretary to provide "an opportunity for an adjudicatory hearing". before making his determination. *See also Advertising Co. v. Bradshaw, Sec. of Transportation,* 48 N.C. App. 10, 268 S.E. 2d 816 (1980).

Plaintiff, however, contends that the hearing before the Employee Relations Committee was itself an adjudicatory hearing, and thus there was a "contested case" triggering the application of G.S. Chapter 150A. We disagree. According to the Department of Transportation's personnel manual, the Employee Relations Committee hears appeals from state employees who have been suspended, demoted, or discharged. No final determination is made by the Employee Relations Committee. Its inquiry results in a recommendation with which the Secretary is free to agree or disagree in reaching his final decision. Title 19A, North Carolina Administrative Code 4B.0303. Such recommendation is binding only if the Secretary fails to render a decision within thirty working days of receiving its recommendation, an event which did not occur in the present case.

Plaintiff must show "an opportunity for an adjudicatory hearing" in order for there to be "a contested case" as required for judicial review under G.S. 150A-43. Because plaintiff has failed to do so, we hold that the trial court properly dismissed plaintiff's claim for relief under the Administrative Procedure Act.

Plaintiff nevertheless contends that his complaint states a claim for relief under 42 U.S.C. § 1983. Plaintiff argues that his loss of employment constituted deprivation of a constitutionally protected property and liberty interest, thereby entitling him to procedural due process. We find no constitutional violation.

Not every property interest requires procedural due process. A protected property interest arises when one has a legitimate claim of entitlement as decided by reference to state law. *Bishop v. Wood*, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed. 2d 684 (1976). Thus, unless plaintiff can demonstrate that he had a legitimate claim to continued employment under either his employment contract or a state statute, he is not entitled to procedural due process in the form of an adjudicatory hearing. On this record, it is clear that plaintiff cannot so demonstrate.

First, employment by the State of North Carolina does not automatically confer tenure. *Nantz v. Employment Security Comm.*, 290 N.C. 473, 226 S.E. 2d 340 (1976). There is nothing in the record which suggests that plaintiff's contract contained a duration clause. It is well established in this State that, absent such a clause, a contract of employment is terminable at the will

of either party, irrespective of the quality of performance. *Still v. Lance*, 279 N.C. 254, 182 S.E. 2d 403 (1971). Plaintiff's employment contract did not, therefore, provide him with a legitimate expectation of continued employment.

Second, there is no statutory recognition of a property interest in continued employment. G.S. 126-35 of the State Personnel Act states that no permanent employee shall be discharged except for just cause. It has been held that G.S. 126-35 "creates a reasonable expectation of continued employment and a property interest within the meaning of the due process clause." *Faulkner v. North Carolina Dept. of Corrections*, 428 F. Supp. 100, 103 (W.D. N.C. 1977). That statute, however, only applies to employees who have been "continuously employed by the State of North Carolina for five years at the time of the act, grievance, or employment practice complained of." G.S. 126-39. The present case is governed by G.S. 126-4 which provides that the policies and rules of the State Personnel Commission

". . . shall not limit the power of any elected or appointed department head, in his discretion and upon his determination that it is in the best interest of the Department, to transfer, demote, or separate a State employee who has not been continuously employed by the State of North Carolina for the immediate five preceding years."

G.S. 126-4 (1977).

In the case at bar, plaintiff had been employed by the State of North Carolina for less than five years at the time of his dismissal. He has, therefore, been deprived of neither "liberty" nor "property" within the scope of the Fourteenth Amendment. *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed. 2d 548 (1972).

The order dismissing the action is affirmed.

Affirmed.

Judges ARNOLD and WEBB concur.