Forsyth Co. Bd. of Social Services v. Div. of Social Services

Since the trial court improperly granted defendant's motion for a directed verdict, the decision of the Court of Appeals affirming the judgment of the trial court is

Reversed.

───────────

FORSYTH COUNTY BOARD OF SOCIAL SERVICES AND FORSYTH COUNTY DEPARTMENT OF SOCIAL SERVICES v. DIVISION OF SOCIAL SERVICES, AND DIVISION OF MEDICAL ASSISTANCE, NORTH CAROLINA DEPARTMENT OF HUMAN RESOURCES, AND ALEXANDER HINES (DECEASED), BY WILLIAM EVERHART, REPRESENTATIVE FOR APPLICANT

No. 194PA85

(Filed 12 August 1986)

**Social Security and Public Welfare § 1— eligibility for Medicaid benefits—standing of county to appeal DHR award**

Petitioners could not contest the Department of Human Resources' final decision finding respondent eligible for Medicaid benefits where the dispute involved the application and interpretation of DHR's rules and regulations and petitioners were seeking to have DHR's decision overturned and their own initial decision reinstated. Federal regulations prohibit local agencies such as petitioners from changing or disapproving DHR's decisions or otherwise substituting their judgment for DHR's. N.C.G.S. § 108A-71 (Cum. Supp. 1985), N.C.G.S. § 108A-79(1) (Cum. Supp. 1985), N.C.G.S. § 108A-79(k).

ON discretionary review of an unpublished decision of the North Carolina Court of Appeals, affirming the judgment of *Hairston, J.*, setting aside the North Carolina Department of Human Resources' award of Medicaid benefits to respondent Hines. Judgment entered 19 August 1983, in Superior Court, FORSYTH County. Heard in the Supreme Court on 19 December 1985.

*Bruce E. Colvin, for petitioner-appellee.*

*Turner, Enochs & Sparrow, P.A., by Wendell H. Ott and Thomas E. Cone, for respondent-appellant Hines.*

*North Carolina Legal Services Resource Center, by Pam Silberman; East Central Community Legal Services, by Jane Wettach; and Legal Services of the Southern Piedmont, by Douglas Sea, for Amicus Curiae Alliance for Social Security Disability Recipients.*

FRYE, Justice.

The dispositive issue in this case is whether the petitioners had standing to bring the suit. For the reasons set forth in this opinion, we conclude that they did not.

On 19 May 1981, one Alexander Hines was found in a comatose state while at work and was taken to North Carolina Baptist Hospital. There he was diagnosed as having a large intracerebral hematoma in the right frontal region of the brain with intraventricular hemorrhage. Surgery was to no avail, and Hines remained comatose in a "persistent vegetative state" until he died on 7 October 1981. His medical care expenses totaled $45,145.14.

On 8 June 1981, Hines' sister, Della Black, submitted an application for Medicaid to the Forsyth County Department of Social Services (County Department) on behalf of Hines. The County Department learned that Hines had an interest in some real property located in Georgia and valued for taxation at $2,377. The Department contacted Hines' brother in Georgia who informed them that Jim Walter Homes in Jessup, Georgia, was holding the deed to the property because of the nonpayment of a second mortgage. The property consisted of a house and lot. The house was a deteriorating prefab structure that was abandoned and uninhabitable. The property was subject to unpaid taxes amounting to $951 and a possible second mortgage that the County Department was unable to verify. Although contacted on several occasions by the County Department, Hines' sister, brother, and ex-wife were unable to assist the County Department in obtaining any further information about the property. The County Department held the Medicaid application pending for twelve months and then notified Hines' sister, Della Black, on 8 June 1982, that the application was denied "based on inability to obtain information on which to base eligibility following the 12 month pending requirement."

On 11 June 1982, William Everhart, financial counselor at North Carolina Baptist Hospital, was appointed personal representative for Hines relative to Hines' eligibility for Medicaid benefits. Everhart requested a local appeal hearing which was held on 11 August 1982. At this hearing, Everhart and Della Black, Hines' sister, testified that Hines had been comatose throughout his hospitalization until his death. The hospital never

had an opportunity to ask Hines whether the Georgia property was income-producing or to secure any information regarding any liens on the property. Della Black testified that she was unable to provide any information on the Georgia property. The programs supervisor who conducted this hearing affirmed the County Department's denial on 16 August 1982.

Everhart, acting in his capacity as Hines' representative, appealed the local appeal hearing decision to the Division of Social Services, North Carolina Department of Human Resources. At this hearing it was again shown that Hines had remained in a comatose state and never regained consciousness throughout his hospitalization. Also offered in evidence was a URESA order for the support of Hines' dependent children dated 24 February 1977 and a letter from a Georgia attorney indicating that no money had been received by Hines' former wife in Georgia on this order, and a deed of trust on the Georgia property dated 26 May 1960. The state hearing officer determined that the County Department's decision to deny the application was incorrect and reversed the decision. The hearing officer relied on an earlier agency determination dated 7 October 1981 to the effect that a comatose patient unable to act in his own behalf cannot be held accountable for the lapse of time before the appointment of a guardian and that the cash value of certain insurance policies was not readily available within the meaning of the Medicaid regulations when an applicant was in a comatose state at the time of eligibility determination.

Upon petitioners' petition for review of the decision of the Department of Human Resources, Judge Peter Hairston, presiding in Forsyth Superior Court, set aside the order of the state hearing officer on the ground that "the decision was erroneous and unsupported by substantial evidence." Although all defendants initially gave notice of appeal from Judge Hairston's judgment, rendered on 19 August 1983, ultimately all except respondent Hines withdrew their appeal.

The Court of Appeals in an unpublished opinion affirmed Judge Hairston's decision. Respondent accordingly petitioned this Court for discretionary review on 8 April 1985. His petition was allowed on 13 August 1985.

Respondent and amicus curiae contend that petitioners' action should be dismissed because petitioners lack standing to bring this action. Although they raise this question for the first time on appeal and would normally be barred by N.C. R. App. P. 16, questions of subject matter jurisdiction may properly be raised at any point, even in the Supreme Court. *Askew v. Tire Co.*, 264 N.C. 168, 141 S.E. 2d 280 (1965); *see* N.C. R. Civ. P. 12(b)(3); *see also Stuart v. Hunsucker*, 38 N.C. App. 414, 248 S.E. 2d 567 (1978), *cert. denied*, 296 N.C. 583, 254 S.E. 2d 32 (1979).

Petitioners brought this action before the superior court pursuant to N.C.G.S. § 108A-79(k) (Cum. Supp. 1985), which provides that "[a]ny . . . county board of social services . . . who is dissatisfied with the final decision of the Department [of Human Resources] may file . . . a petition for judicial review in superior court of the county from which the case arose." On its face, this section appears to give petitioners standing to contest the Department of Human Resources' award of Medicaid benefits to an applicant.

However, the Medicaid program is a cooperative federal-state program established by Congress in 1965 for the purpose of enabling the states to furnish medical assistance to certain classes of needy people. *Lackey v. Department of Human Resources*, 306 N.C. 231, 235, 293 S.E. 2d 171, 175 (1982). Participation by the state is optional, but those states that choose to participate must comply with the requirements of federal law. *Id.*

North Carolina adopted the Medicaid program through the enactment of N.C.G.S. § 108-59 to -61.4 (1978), amended and recodified effective 1 October 1981 as N.C.G.S. § 108A-54 to -62 (Cum. Supp. 1985). N.C.G.S. § 108A-56 (Cum. Supp. 1985) provides that all provisions of the federal Social Security Act are accepted and adopted. N.C.G.S. § 108A-79(1) (Cum. Supp. 1985) provides that in the event of conflict between state law and federal law or regulations, the latter will control.

The question is therefore whether federal law or regulations would prohibit petitioners from challenging the Department of Human Resources' determination that respondent was eligible for Medicaid benefits. A review of the applicable statutes and regulations leads to an affirmative answer to the question.

Title 42, Section 1396a(a)(5) of the United States Code provides that a state's Medicaid plan must designate "a single State agency to administer or to supervise the administration of the plan." 42 U.S.C. § 1396a(a)(5) (1982). This requirement is further defined by the Code of Federal Regulations. The regulations in effect both at the time petitioners brought their action and at the present time require that this single State agency, *inter alia,* "[m]ake rules and regulations . . . that are binding upon local agencies that administer the plan." 42 CFR § 431.10(b)(2)(ii) (1985). When this agency is charged with determining eligibility, other State or local agencies that perform services for it "must not have the authority to change or disapprove any administrative decision of that agency, or otherwise substitute their judgment for that of the Medicaid agency with respect to the application of policies, rules, and regulations issued by the Medicaid agency." 42 CFR § 431.10(e)(3) (1985).

In North Carolina, the "single State agency" is the Department of Human Resources (hereinafter DHR). N.C.G.S. § 108A-71 (Cum. Supp. 1985). The county departments of social services perform various services for DHR, including the making of initial decisions on eligibility for Medicaid. Therefore, federal regulations prohibit local agencies such as petitioners from changing or disapproving of DHR's decisions or "otherwise" substituting their judgment for DHR's.

By bringing this action before the Superior Court, petitioners were seeking to have DHR's decision overturned and their own initial decision reinstated. The quarrel was over the application and interpretation of DHR's rules and regulations. Petitioners were essentially requesting the court to adopt their interpretation of the rules and regulations over DHR's. Petitioners were thereby seeking to substitute their judgment for that of DHR. The State is forbidden by 42 CFR § 431.10(e)(3) to allow petitioners to do so. Accordingly, we hold that petitioners could not contest DHR's final decision finding respondent eligible for Medicaid benefits. We further hold, in keeping with N.C.G.S. § 108A-79 (1) (federal law controls), that so much of N.C.G.S. § 108A-79(k) as purports to authorize county boards of social services to petition for judicial review in superior court does not apply to this type of final agency decision. *Accord, Romano v. Perales,* 110 A.D. 2d 1028, 488 N.Y.S. 2d 316 (1985), *aff'd,* 67 N.Y. 2d 848, 492 N.E. 2d

787, 501 N.Y.S. 2d 659 (1986) (per curiam). *But see Cass County Welfare Department v. Wittner*, 309 N.W. 2d 320 (Minn. 1981), *cert. denied*, 454 U.S. 1135, 71 L.Ed. 2d 287 (1982).

Petitioners contend further that interpreting the "single State agency" requirement to forbid local arms of the state agency from attacking that agency's decisions in court will also preclude *any* review of a final agency decision. We disagree with this interpretation. The state agency is not immune from attack. Our decision limits only local agencies acting in their capacity as an agent or delegate of DHR, such as petitioners in the instant case. Other parties are not barred hereby.

For the reasons set forth herein, the decision of the Court of Appeals is reversed, and the case is remanded to that court for further remand to the Superior Court, Forsyth County, with directions to vacate the judgment of the Superior Court, Forsyth County, to the end that the decision of the Department of Human Resources may be reinstated.

Reversed and remanded.