IN THE MATTER OF: THE RULEMAKING PETITION OF WARREN WHEELER

No. 8610SC850

(Filed 7 April 1987)

1. **Appeal and Error § 6.3— subject matter jurisdiction—necessity for exceptions or assignments of error**

   Notwithstanding the absence of exceptions or assignments of error in the record on appeal, a party may present for review the question of subject matter jurisdiction by properly raising the issue in his brief, and whether one has standing to obtain judicial review of administrative decisions is a question of subject matter jurisdiction.

2. **Administrative Law § 6; Appeal and Error § 7— denial of rule making petition —petitioner not person aggrieved**

   Petitioner was not a "person aggrieved" by the DHR's denial of a petition for the adoption of a rule changing requirements concerning the information

In re Rulemaking Petition of Wheeler

which social service workers must report into an information system in connection with the administration of protective services to disabled adults and thus had no standing to seek judicial review of DHR's decision even though petitioner contended that he was dismissed from employment because he refused to provide the information required by DHR. N.C.G.S. § 150A-2(6) (1983).

APPEAL by petitioner from *Farmer, Judge.* Order entered 4 March 1986 in WAKE County Superior Court. Heard in the Court of Appeals 13 January 1987.

On 6 June 1985 Warren Wheeler, a former Adult Protective Services worker with the Durham County Department of Social Services, petitioned the North Carolina Department of Human Resources (DHR) to initiate rule making proceedings pursuant to G.S. 150A-16 (1983), *amended and recodified at* G.S. 150B-16 (Cum. Supp. 1985) (effective 1 January 1986), and 10 NCAC 25 .0200 and 1B .0101 (1985). Petitioner proposed the adoption of a rule changing the requirements for providing information to the state automated information system by social service workers concerning their investigation of allegations of neglect or abuse of disabled adult clients in instances where the allegations are unsubstantiated and the client refuses to accept protective services. By letter dated 3 July 1985, DHR denied the petition for rule making and stated reasons for the denial.

Petitioner filed, in the Superior Court of Wake County, a petition seeking judicial review of DHR's decision, pursuant to Article 4, Chapter 150A of the General Statutes, *amended and recodified at* G.S. 150B-43 to -52 (Cum. Supp. 1985) (effective 1 January 1986). When the case was called for hearing, DHR moved to dismiss the petition for judicial review on the grounds that petitioner was without standing to seek judicial review of DHR's decision. From an order granting the motion, petitioner appeals.

*Everett, Hancock & Nichols, by M. Jackson Nichols, for petitioner appellant.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Cathy J. Rosenthal, and Assistant Attorney General Catherine C. McLamb, for respondent appellee.*

MARTIN, Judge.

Respondent DHR has moved to dismiss this appeal due to petitioner's failure to comply with the Rules of Appellate Procedure

In re Rulemaking Petition of Wheeler

relating to settling and filing the record on appeal. Petitioner has moved for an extension of the times prescribed by the appellate rules for the doing of these acts. Pursuant to App. R. 27(c), we allow petitioner's motion and consider the record to have been timely settled and filed. Accordingly, DHR's motion to dismiss the appeal is denied.

In the record on appeal filed in this case, petitioner has set out nine assignments of error, each of which lists a correspondingly numbered exception together with a reference to a page in the record. Examination of the pages referred to, however, reveals that no exceptions have been set out in the record on appeal as required by App. R. 10(b)(1), which provides that "[e]ach exception shall be set out immediately following the record of judicial action to which it is addressed. . . ." Exceptions which are not set out as provided by the rule may not be made the basis of an assignment of error, App. R. 10(a), and "[e]xceptions which appear nowhere in the record except in the assignments of error will not be considered on appeal." *State v. Lampkins*, 283 N.C. 520, 526, 196 S.E. 2d 697, 700 (1973).

[1] These violations of the Rules of Appellate Procedure do not, however, require dismissal of this appeal. The superior court's dismissal of the petition for judicial review was based upon its conclusion that petitioner lacked standing to obtain judicial review of DHR's decision and, therefore, that the court was without subject matter jurisdiction. Petitioner's appeal from the order is itself an exception thereto. *West v. Slick*, 60 N.C. App. 345, 299 S.E. 2d 657 (1983), *aff'd in relevant part*, 313 N.C. 33, 326 S.E. 2d 601 (1985). Notwithstanding the absence of exceptions or assignments of error in the record on appeal, a party may present for review the question of subject matter jurisdiction by properly raising the issue in his brief. App. R. 10(a). Whether one has standing to obtain judicial review of administrative decisions is a question of subject matter jurisdiction. *Poret v. State Personnel Commission*, 74 N.C. App. 536, 328 S.E. 2d at 880 (1985). Accordingly, the only issue which we will consider in this appeal is whether petitioner has standing to obtain judicial review of DHR's denial of his petition to initiate rule making. For the reasons set forth in this opinion, we conclude that he does not and we affirm the order dismissing the petition for judicial review.

In re Rulemaking Petition of Wheeler

An agency's denial of a petition for rule making under G.S. 150A-16 is subject to judicial review pursuant to the provisions of G.S. 150A-43, *amended and recodified* as G.S. 150B-43 (Cum. Supp. 1985) (effective 1 January 1986). *Porter v. North Carolina Dept. of Insurance*, 40 N.C. App. 376, 253 S.E. 2d 44, *disc. rev. denied*, 297 N.C. 455, 256 S.E. 2d 808 (1979). In order to have standing to petition for judicial review under the statute: (1) the petitioner must be an aggrieved party; (2) there must be a final agency decision; (3) the decision must result from a contested case; (4) the petitioner must have exhausted all administrative remedies; and (5) there must be no other adequate procedure for judicial review. *Dyer v. Bradshaw*, 54 N.C. App. 136, 282 S.E. 2d 548 (1981).

[2]   In the present case, the superior court concluded that petitioner was not "aggrieved" by DHR's decision to deny his petition for rule making. G.S. 150A-2(6) (1983), *amended and recodified as* G.S. 150B-2(6) (Cum. Supp. 1985) (effective 1 January 1986), defines "Person aggrieved" as "any person, firm, corporation, or group of persons of common interest who are directly or indirectly affected substantially in their person, property, or public office or employment by an agency decision." Our Supreme Court has held that "person aggrieved" means "adversely affected in respect of legal rights, or suffering from an infringement or denial of legal rights." *In re Halifax Paper Company, Inc.*, 259 N.C. 589, 595, 131 S.E. 2d 441, 446 (1963).

In the present case, petitioner sought, by his petition for rule making, to change DHR requirements concerning the information which social service workers must report into an information system in connection with the administration of protective services to disabled adults. *See* G.S. 108A-99 *et seq.* The apparent motivation for the petition was petitioner's contention that the types of record-keeping and information reporting which DHR required were violative of privacy rights of individuals about whom reports were submitted but were ultimately found to be unsubstantiated. Petitioner sought to supplement existing requirements by the promulgation of a rule providing that in such cases only general information, which would not disclose the individual's identity, would be reported. In seeking the adoption of the proposed rule, petitioner purported to act on behalf of unknown third parties whose privacy rights he considered to be infringed upon by the information reporting requirements which he sought to

change. However, there was no allegation or indication that petitioner was acting in any proper representative capacity or that he owed a duty to those persons whose alleged rights were at issue.

Petitioner contends, however, that he was dismissed from employment because he refused to provide the information required by DHR. Therefore, he argues, DHR's denial of his petition to initiate rule making proceedings to change the information reporting requirements substantially affected his employment, rendering him "aggrieved" within the meaning of G.S. 150A-2(6). We disagree. Petitioner was discharged from his employment with the Durham County Department of Social Services on grounds of insubordination. His discharge occurred in April 1985, prior to his submission of any request to DHR to initiate rule making proceedings. The record reflects that he immediately filed a separate legal action in the Superior Court of Durham County challenging his dismissal. Any decision by DHR concerning the petition to initiate rule making proceedings would have no effect upon the outcome of petitioner's dispute with his former employer. Thus, it is clear that petitioner, in requesting the initiation of rule making proceedings, was not seeking to enforce, or to prevent the infringement or denial of, any personal or property right of his own.

Because none of petitioner's personal rights or interests, nor any rights or interests properly attributable to him in a cognizable representative capacity, were either directly or indirectly at issue in the requested rule making proceeding, we hold that petitioner has not been substantially affected by DHR's denial of his petition for rule making. Therefore, he is not a "person aggrieved" as a result of the agency decision and has no standing to seek judicial review thereof. The order dismissing the petition for judicial review must be affirmed.

Affirmed.

Judges PARKER and COZORT concur.