GEORGE A. BRYANT v. NORTH CAROLINA STATE BOARD OF EXAMINERS OF ELECTRICAL CONTRACTORS, GARFIELD B. GWYN, WILLIAM T. EASTER, EDWARD H. MARROW JR., J. MICHAEL SILVER, J. ALAN BARRINGER, WILLIAM H. ROBERTS, AND WILLIAM R. HOKE

No. 504PA93

(Filed 3 November 1994)

**Contractors § 31 (NCI4th); Administrative Law and Procedure § 38 (NCI4th)— charges against electrical contractor— refusal of State Board to hear and decide—right to hearing by ALJ**

A plaintiff who filed charges implicating N.C.G.S. § 87-47(a1)(7) against another licensed electrical contractor with the State Board of Examiners of Electrical Contractors was entitled to a hearing and decision from the Board on the charges. Where the Board was unable or unwilling to provide plaintiff with a hearing and decision, plaintiff had a right under N.C.G.S. § 150B-40(e) to a contested case hearing and a proposal for decision on the charges by an administrative law judge designated by the Director of the OAH. N.C.G.S. § 87-47(a3).

**Am Jur 2d, Administrative Law §§ 340-375; Occupations, Trades, and Professions §§ 65, 68.**

On discretionary review pursuant to N.C.G.S. § 7A-31 of a decision of a unanimous panel of the Court of Appeals, 111 N.C. App. 875, 433 S.E.2d 814 (1993), affirming an order dismissing plaintiff's com-

plaint entered 10 July 1992 by Allen (W. Steven, Sr.), J., in Superior Court, Wake County. Heard in the Supreme Court 12 September 1994.

*George A. Bryant, plaintiff-appellant, pro se.*

*Michael F. Easley, Attorney General, by James E. Magner, Jr., Assistant Attorney General, for defendant-appellee.*

WHICHARD, Justice.

Plaintiff's complaint alleges that on 11 January 1991, plaintiff George Bryant, who is licensed by the North Carolina State Board of Examiners of Electrical Contractors [hereinafter "the Board"], filed charges with the Board alleging that another licensee had violated Chapter 87 of the North Carolina General Statutes. On 6 May 1991 the Board's Disciplinary Review Committee heard plaintiff's charges and made recommendations to be presented to the Board at its 8 June 1991 meeting. By letter prior to the Board's June meeting, plaintiff requested that the Board reject the Disciplinary Review Committee's recommendations and hold an administrative hearing on his charges. At the June meeting the Board voted that an administrative hearing was prohibited because the Board's members were "prejudiced by prior knowledge of the charges." Plaintiff gave oral notice of his disagreement with the Board's action. On 17 June 1991 plaintiff petitioned the Board in writing requesting a contested case hearing before an administrative law judge. The Board did not apply to the Office of Administrative Hearings [hereinafter "OAH"] for a contested case hearing.

Plaintiff then filed this action in Superior Court, Wake County, seeking to compel the Board to apply for a contested case hearing pursuant to N.C.G.S. § 150B-40(e). Defendants moved to dismiss plaintiff's action for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. The superior court granted the motion and entered an order of dismissal pursuant to N.C.G.S. § 1A-1, Rule 12(b)(6), for failure to state a claim upon which relief can be granted. Plaintiff appealed to the Court of Appeals, which unanimously affirmed the order of dismissal. On 27 January 1994, we granted discretionary review.

The issue is whether plaintiff is entitled to a hearing and proposal for decision from an administrative law judge designated by the Director of the OAH if plaintiff does not receive a hearing and decision from the Board. The Court of Appeals held that plaintiff does not

have a right under N.C.G.S. § 150B-40(e) to a contested case hearing before the OAH. It determined that plaintiff's rights, duties, or privileges are not at stake and therefore his case is not a contested one as defined in N.C.G.S. § 150B-2(2). The Court of Appeals relied on its decision in *Carter v. N.C. State Bd. for Professional Engineers*, 86 N.C. App. 308, 357 S.E.2d 705 (1987), wherein it determined that a plaintiff who had brought charges against another licensee lacked standing to seek judicial review of that board's decision. Based on that holding, the Court of Appeals reasoned that because plaintiff here "would not have standing to seek judicial review of an administrative decision on his complaint, . . . it would be inconsistent to hold that he nonetheless has a right to demand that an administrative decision be reached." *Bryant v. State Bd. of Examiners of Electrical Contractors*, 111 N.C. App. 875, 878, 433 S.E.2d 814, 816 (1993).

We disagree with the Court of Appeals' reasoning, and we therefore reverse. Whether plaintiff has standing to seek judicial review of an administrative decision, a question which is not before us and which we therefore do not address, is a distinct issue from whether he has a right to a hearing and decision on the charges he has brought before the Board. We conclude from our review of the applicable statutes that the General Assembly intended that "[a]ny person" who "prefer[s] charges" against, *inter alia*, a licensee of the Board, be entitled to a hearing and decision on those charges.

The statute governing the jurisdiction of the Board provides:

In the interest of protecting the public, whenever the Board finds that . . . (v) a person . . . to whom . . . a certification or license has been issued, is guilty of one or more of the following:

. . .

(7) Malpractice, unethical conduct, fraud, deceit, gross negligence, gross incompetence, or gross misconduct in the practice of electrical contracting;

the Board may refuse or revoke certification as a qualified individual, or may refuse to issue or renew a license.

N.C.G.S. § 87-47(a1)(7) (1989). Plaintiff brought his charges, which implicated N.C.G.S. § 87-47(a1)(7), to the Board pursuant to the following provision:

The Board shall, in accordance with Chapter 150B of the General Statutes, formulate rules of procedure governing the *hearings of*

*charges* against applicants, qualified individuals and licensees. Any person may prefer charges against any applicant, qualified individual, or licensee, and such charges must be sworn to by the complainant and submitted in writing to the Board. In conducting *hearings of charges*, the Board may remove the hearings to any county in which the offense, or any part thereof, was committed if in the opinion of the Board the ends of justice or the convenience of witnesses require such removal.

*Id.* § 87-47(a3) (emphasis added). Under the "any person" language of this statute, plaintiff qualifies as a proper person to prefer charges against a licensee. Though the language is not explicit in requiring that the Board hold a hearing on the charges, such a requirement is implicit both in the language referring to "hearings of charges" and in the stated purpose of the statute governing the jurisdiction of the Board to hear such charges. It would be contrary to the intent expressed in N.C.G.S. § 87-47(a1), that of protecting the public, to determine that plaintiff is not entitled to a hearing and decision on charges brought to effectuate that very purpose. We must adhere to the intent of the legislature in matters of statutory interpretation. *State ex rel. Cobey v. Simpson*, 333 N.C. 81, 90, 423 S.E.2d 759, 763 (1992). Accordingly, we hold that plaintiff is entitled to a hearing and decision from the Board on the charges.

The provisions of Article 3A of the North Carolina Administrative Procedure Act [hereinafter "NCAPA"] apply to occupational licensing agencies, *see* N.C.G.S. § 150B-38(a)(1) (Supp. 1993), of which the Board is one. When an agency such as the Board determines that it is unable to provide a hearing or chooses not to do so, the NCAPA mandates the following:

When a majority of an agency is unable or elects not to hear a contested case, the agency shall apply to the Director of the Office of Administrative Hearings for the designation of an administrative law judge to preside at the hearing of a contested case under this Article.

N.C.G.S. § 150B-40(e) (1991). When a contested case must be transferred due to an agency's inability or refusal to hear the case, the legislature has prescribed the administrative law judge's role as follows:

The administrative law judge assigned to hear a contested case under this Article shall sit in place of the agency and shall have the authority of the presiding officer in a contested case under

> this Article. The administrative law judge shall make a proposal for decision, which shall contain proposed findings of fact and proposed conclusions of law.

*Id.* Thus, where an agency is unable or refuses to hear a case, the administrative law judge serves the function that the agency would have, had it been able and willing to hear the case. In this situation the administrative law judge does not review the agency's decision because one has not yet been reached; rather, the OAH provides what the party who initiated the contested case is entitled to under the statute and has not yet received: a hearing and a proposal for decision.

The definition of "contested case" found in Article 1 of the NCAPA applies to those uses of that phrase in Chapter 150B, including Article 3A. *See* N.C.G.S. § 150B-2 (1991) (providing definitions of words "[a]s used in this Chapter"). A contested case is "an administrative proceeding pursuant to this Chapter to resolve a dispute between an agency and another person that involves the person's rights, duties, or privileges, including licensing or the levy of a monetary penalty." *Id.* § 150B-2(2). We have determined above that the legislature intended that plaintiff, who is qualified to prefer charges against another licensee, have a hearing and decision from the Board on those charges. Plaintiff's right to that hearing and decision is involved in the present dispute between plaintiff and the Board. Plaintiff's case therefore is a contested case as that term is used in Article 3A, Section 150B-40(e). Accordingly, the statutory mandate that the Board transfer the contested case to the OAH when it determines that it is unable or unwilling to provide plaintiff with a hearing and decision is applicable to this case.

Because plaintiff is entitled to a hearing and decision on his charges brought pursuant to N.C.G.S. § 87-47(a3), we reverse the Court of Appeals' decision and remand the case to that court for further remand to the Superior Court, Wake County. If the superior court determines that plaintiff has not received a hearing and decision from the Board, as appears to be the case from the somewhat unartful allegations of plaintiff's pro se complaint, it shall order the Board either to hear the charges and render a decision thereon or to request that the OAH designate an administrative law judge to "sit in place of the agency and . . . make a proposal for decision." N.C.G.S. § 150B-40(e).

REVERSED AND REMANDED.