IN RE: DENIAL OF REQUEST FOR FULL ADMINISTRATIVE HEARING AS TO
COMPLAINT NO. 97025-1-1 AND APPEAL OF CONSENT AGREEMENT

IN RE: DENIAL OF REQUEST FOR FULL ADMINISTRATIVE HEARING AS TO
COMPLAINT NO. 98009-1-1

No. COA00-977

(Filed 18 September 2001)

### 1. Administrative Law— full administrative hearing denied— petitioner not a person aggrieved

The trial court correctly denied petitions for judicial review of petitioner's requests for a full administrative hearing concerning disciplinary actions taken by the North Carolina Veterinary Medical Board against a veterinarian who mistreated petitioner's bird. Any "person aggrieved" is entitled to an administrative hearing under the North Carolina Administrative Procedure Act (NCAPA), but petitioner is not a "person aggrieved" because the Board's actions against the veterinarian, or lack thereof, have not directly or indirectly affected petitioner's personal, property or employment interests in any manner. Procedural injury alone cannot form the basis for aggrieved status under the NCAPA.

### 2. Veterinarians— licensing board—authority—emergencies—full administrative hearings

The North Carolina Veterinary Medical Board is not required by N.C.G.S. § 90-186 (3) to conduct a full administrative hearing whenever charges are brought against a licensee; rather, the Board is allowed in its discretion to take necessary steps in emergency situations to minimize public risk without the delay presented by an administrative hearing. The Board must hold an administrative hearing after it takes emergency action, but in this case, the Board never issued any summary emergency orders and N.C.G.S. § 90-186(3) does not apply.

Appeal by petitioner from order entered 24 May 2000 by Judge Robert L. Farmer in Wake County Superior Court. Heard in the Court of Appeals 27 August 2001.

*Hunton & Williams, by Jason S. Thomas and Charles D. Case, for petitioner appellant.*

*Johnson, Hearn, Vinegar & Gee, P.L.L.C., by George G. Hearn and Shawn D. Mercer, for North Carolina Veterinary Medical Board respondent appellee.*

**IN RE DENIAL OF REQUEST FOR FULL ADMIN. HEARING**

[146 N.C. App. 258 (2001)]

*Bailey & Dixon, L.L.P., by Carson Carmichael, III, for North Carolina Licensing Board for General Contractors and North Carolina Board of Pharmacy, amici curiae.*

*Allen and Pinnix, P.A., by Noel L. Allen, for North Carolina State Board of Certified Public Accountant Examiners, North Carolina Board of Architecture, and North Carolina State Board of Examiners of Nursing Home Administrators, amici curiae.*

TIMMONS-GOODSON, Judge.

In June 1997, Karen D. Keltz ("petitioner") filed a written complaint with the North Carolina Veterinary Medical Board ("the Board") against one of its licensees, veterinarian Dr. Richard Burkett ("Dr. Burkett"). In her complaint to the Board, petitioner alleged that Dr. Burkett failed to render appropriate medical treatment to petitioner's African Gray Parrot, which died while under Dr. Burkett's care. The Board investigated petitioner's complaint by conducting interviews with petitioner and Dr. Burkett, hearing testimony, consulting an avian specialist, and reviewing materials submitted by petitioner, including medical records and x-rays, a fifty-five page letter by petitioner, forty-four documentary attachments, a videotape, and a photo album. Upon completing its investigation and finding probable cause as to several of petitioner's charges, the Board decided to discipline Dr. Burkett, sending him a letter of caution, two letters of reprimand, and fining him a civil monetary penalty of $3000.00. During its investigation of Dr. Burkett, the Board also discovered he had been practicing veterinary medicine in unlicensed facilities. By consent order entered 15 July 1998, the Board suspended Dr. Burkett's license for six months and fined him $5000.00 for his failure to obtain facility inspections. The Board found it unnecessary, however, to hold a full administrative hearing on the matter, and Dr. Burkett did not request such hearing.

Dissatisfied with the Board's disciplinary actions, petitioner submitted additional materials, asking the Board to reconsider its decision and to "issue appropriate disciplinary actions." The Board considered, but denied petitioner's request. The Board further denied petitioner's request for a full administrative hearing. On 7 August 1998, petitioner filed her first petition for judicial review.

While the Board investigated petitioner's first complaint, petitioner filed a second complaint against Dr. Burkett with the Board

IN RE DENIAL OF REQUEST FOR FULL ADMIN. HEARING

[146 N.C. App. 258 (2001)]

raising additional issues regarding Dr. Burkett's alleged mistreatment of petitioner's bird. The Board investigated petitioner's new complaint, but found no probable cause as to any of the allegations and dismissed it accordingly. Petitioner again requested an administrative hearing for her second complaint, which the Board again denied. On 26 February 1999, petitioner filed another petition for judicial review with respect to the second complaint.

The consolidated petitions for judicial review came before the trial court on 22 May 2000. By order entered 24 May 2000, the trial court granted the Board's motions to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Petitioner now appeals the trial court's dismissal of her petitions.

--------

[1] The dispositive issue for review is whether petitioner is entitled under the North Carolina Administrative Procedure Act, N.C. Gen. Stat. §§ 150B-1 to 150B-52 (1999), and the North Carolina Veterinary Practice Act, N.C. Gen. Stat. §§ 90-179 to 90-187.14 (1999), to seek judicial review of the North Carolina Veterinary Medical Board's denial of petitioner's request for an administrative hearing. Because we conclude petitioner is not a "person aggrieved" within the meaning of N.C. Gen. Stat. §§ 150B-2(6) and 150B-43, we hold she lacks standing to seek judicial review, and we thus affirm the trial court's dismissal of her petitions.

The North Carolina Veterinary Medical Board is an occupational licensing board responsible for licensing veterinarians in North Carolina and overseeing the licensees' conduct as prescribed by the North Carolina Veterinary Practice Act ("NCVPA"). *See* N.C. Gen. Stat. §§ 90-185, 90-186 (1999). As an occupational licensing agency, final decisions by the Board in a contested case are subject to judicial review under the North Carolina Administrative Procedure Act ("NCAPA"). *See* N.C. Gen. Stat. §§ 150B-1, 150B-43 (1999); *Bryant v. State Bd. of Examiners of Electrical Contractors*, 338 N.C. 288, 291, 449 S.E.2d 188, 190 (1994). The NCAPA "confers procedural rights and imposes procedural duties, including the right to commence an administrative hearing to resolve disputes between an agency and a person involving the person's rights, duties, or privileges[,]" unless that person is not a "person aggrieved" by a decision of the agency. *Empire Power Co. v. N.C. Dept. of E.H.N.R.*, 337 N.C. 569, 583, 588, 447 S.E.2d 768, 776, 779 (1994). A person's rights, duties or privileges arise under the relevant organic statute. *See id.* at 583, 447 S.E.2d at

776-77. In other words, "any 'person aggrieved' within the meaning of the [controlling] organic statute is entitled to an administrative hearing to determine the person's rights, duties, or privileges." *Id.* at 588, 447 S.E.2d at 779. A "person aggrieved" is defined by the NCAPA as "any person or group of persons of common interest directly or indirectly affected substantially in his or its person, property, or employment by an administrative decision." N.C. Gen. Stat. § 150B-2(6) (1999); *see Empire Power Co.*, 337 N.C. at 588, 447 S.E.2d at 779. One who is adversely affected in respect of legal rights, or is suffering from an infringement or denial of legal rights may be a "person aggrieved." *See Carter v. N.C. State Bd. for Professional Engineers*, 86 N.C. App. 308, 313, 357 S.E.2d 705, 708 (1987).

Petitioner asserts that she is a "person aggrieved" within the meaning of the NCAPA, and therefore is entitled to an administrative hearing to determine her rights, duties, or privileges. Petitioner argues her aggrieved status arises under the language of the NCVPA, which was created "[i]n order to promote the public health, safety, and welfare by safeguarding the people of [North Carolina] against unqualified or incompetent practitioners of veterinary medicine." N.C. Gen. Stat. § 90-179 (1999). Petitioner contends that, as a person whose pet was allegedly injured by a negligent veterinarian, she belongs within the "zone of interest" created by the NCVPA, and as such, is a "person aggrieved" under the NCAPA when the Board fails to properly discharge its duty to safeguard the public and its pets. Petitioner further argues she has suffered an infringement of her procedural legal rights, in that the Board denied her requests for administrative hearings regarding her complaints. We disagree.

In order for petitioner to prevail on her claim to status as a "person aggrieved" under the NCAPA, petitioner must first demonstrate that her personal, property, employment or other legal rights have been in some way impaired. *See In re Rulemaking Petition of Wheeler*, 85 N.C. App. 150, 154, 354 S.E.2d 374, 377 (1987). Petitioner has failed to show such impairment. The Board's actions against Dr. Burkett, or lack thereof, have not directly or indirectly affected petitioner's personal, property or employment interests in any manner. Petitioner is free to choose another veterinarian for future services. Nor has the Board's decision prevented petitioner from pursuing her negligence claims by civil action in the proper forum, as demonstrated by petitioner's pending civil suit against Dr. Burkett. Moreover, we determine the Board properly fulfilled its duties to safeguard the public from veterinarians who violate the NCVPA by thor-

oughly investigating and disciplining the offending licensee for those violations for which the Board found probable cause.

Petitioner's argument that, because her legal right to a hearing was denied, such denial confers upon her the necessary aggrieved status to demand an administrative hearing, is both circular and without merit. Procedural injury, standing alone, cannot form the basis for aggrieved status under the NCAPA. *See, e.g., Empire Power Co.*, 337 N.C. at 590, 447 S.E.2d at 780-81 (reviewing case law and determining that procedural injury must be accompanied by actual injury, such as an infringement upon personal or property rights, to qualify as "injury in fact").

[2] Moreover, petitioner's reliance upon *Bryant* is misplaced. In *Bryant*, the issue before our Supreme Court was whether the plaintiff was entitled to a hearing and decision before an administrative law judge where the plaintiff was denied a hearing and decision before the agency in question. *See Bryant*, 338 N.C. at 289, 449 S.E.2d at 189. The *Bryant* Court noted that, "[w]hether plaintiff has standing to seek judicial review of an administrative decision . . . is a distinct issue from whether he has a right to a hearing and decision on the charges he has brought before the Board," and accordingly did not address the issue of plaintiff's standing to seek judicial review. *Id.* at 290, 449 S.E.2d at 190. Further, the *Bryant* Court determined petitioner's right to a hearing before the agency arose from the language of the relevant organic statute governing electrical contractors, which stated:

> The Board shall, in accordance with Chapter 150B of the General Statutes, formulate rules of procedure governing the *hearings of charges* against applicants, qualified individuals and licensees. Any person may prefer charges against any applicant, qualified individual, or licensee, and such charges must be sworn to by the complainant and submitted in writing to the Board. In conducting *hearings of charges*, the Board may remove the hearings to any county in which the offense, or any part thereof, was committed if in the opinion of the Board the ends of justice or the convenience of witnesses require such removal.

*Id.* at 290-91, 449 S.E.2d at 190 (quoting N.C. Gen. Stat. § 87-47(a3) (1989)) (alteration in original). Because the organic statute governing the jurisdiction of the Board in *Bryant* made explicit reference to "hearings of charges" against licensees, the Court held the plaintiff was entitled to a hearing and decision from the Board on his charges. In contrast to the statute in *Bryant*, the NCVPA refers only once to hearings, and never in the context of a hearing of charges. N.C. Gen.

Stat. § 90-186, entitled "Special Powers of the Board," states in pertinent part that

> [u]pon complaint or information received by the Board, [the Board may] prohibit through summary emergency order of the Board, prior to a hearing, the operation of any veterinary practice facility that the Board determines is endangering, or may endanger, the public health or safety or the welfare and safety of animals, and suspend the license of the veterinarian operating the veterinary practice facility, provided that upon the issuance of any summary emergency order, the Board shall initiate, within 10 days, a notice of hearing under the administrative rules issued pursuant to this Article and Chapter 150B of the General Statutes for an administrative hearing on the alleged violation[.]

N.C. Gen. Stat. § 90-186 (3) (1999). We determine the above-stated language does not require the Board to conduct a full administrative hearing whenever charges are brought against a licensee. Rather, N.C. Gen. Stat. § 90-186(3) allows the Board, in its discretion, to take necessary steps in emergency situations to minimize public risk without the delay presented by an administrative hearing. Once the Board takes such emergency action, however, it must then hold an administrative hearing on the alleged violations. In the instant case, the Board never issued any summary emergency orders against Dr. Burkett. Thus, N.C. Gen. Stat. § 90-186(3) does not apply and cannot provide petitioner the necessary status to demand an administrative hearing.

Petitioner's reliance upon *Empire Power Co.* is similarly misplaced. In that case, our Supreme Court held the petitioner was entitled to an administrative hearing before the North Carolina Department of Environment, Health and Natural Resources because he was directly and substantially affected by the agency's decision approving the construction and operation of sixteen combustion turbine generating units adjacent to petitioner's property. Because the resulting increase in air pollution generated by the combustion turbine units would injure petitioner's health, property value, and quality of life, the Court concluded that the petitioner "alleged sufficient injury in fact to interests within the zone of those to be protected and regulated by the [relevant organic] statute" to qualify as a "person aggrieved" under the NCAPA. *Empire Power Co.*, 337 N.C. at 589, 447 S.E.2d at 780. Unlike the petitioner in *Empire Power Co.*, present petitioner has suffered no injury to her legal rights to justify her demand to an administrative hearing.

LASSITER v. BANK OF N.C.

[146 N.C. App. 264 (2001)]

In conclusion, petitioner has failed to demonstrate that her rights have been impaired by the Board's refusal to hold an administrative hearing. As such, she is not a "person aggrieved" within the meaning of the NCAPA and accordingly lacks standing to seek judicial review. "Whether one has standing to obtain judicial review of administrative decisions is a question of subject matter jurisdiction." *In re Rulemaking*, 85 N.C. App. at 152, 354 S.E.2d at 376; *see Yates v. N.C. Dept. of Human Resources*, 98 N.C. App. 402, 404, 390 S.E.2d 761, 762 (1990). As petitioner lacked standing, the trial court did not have jurisdiction to entertain her petition and thus properly dismissed petitioner's claim. Petitioner may seek alternate redress for her claims by proceeding directly with a civil action against Dr. Burkett, which indeed she has done. Petitioner may not, however, seek to substitute her judgment for that of the Board's. The fact that petitioner dislikes the Board's disposition of her complaint does not transmute her claim into a viable one. We have no doubt that petitioner is "aggrieved" over the Board's refusal of her request for an administrative hearing; she is not, however, a "person aggrieved" as defined by the NCAPA or the NCVPA.

Because we hold the trial court correctly denied the petitions for judicial review, we hereby affirm the decision of the trial court.

Affirmed.

Chief Judge EAGLES and Judge THOMAS concur.