ANGELA D. STEWARD, Plaintiff v. MERLE C. GREEN, in her official capacity as Director of the Guilford County Department of Public Health, THE BOARD OF THE GUILFORD COUNTY DEPARTMENT OF PUBLIC HEALTH, GUILFORD COUNTY, THOMAS H. WRIGHT, in his official capacity as Director of the Office of State Personnel and the STATE PERSONNEL COMMISSION, Defendants

No. COA07-762

(Filed 4 March 2008)

## Administrative Law; Declaratory Judgments— judicial review of final agency decision—substantially equivalent exemption—failure to exhaust administrative remedies

The trial court did not err in a declaratory judgment case by dismissing for lack of subject matter jurisdiction under N.C.G.S. § 1A-1, Rules 12(b)(1), 12(b)(2), and 12(b)(6) plaintiff employee's complaint, seeking among other things a determination that the Guilford County Personnel Regulations (GCPR) were not substantially equivalent to the standards established by N.C.G.S. § 126-1 et seq. based on her contention that the memorandum terminating her employment did not give her any notice of any right to appeal to the superior court because: (1) a case should be dismissed for lack of subject matter jurisdiction based on a party's failure to exhaust administrative remedies; (2) although Regulation 28 of the GCPR does not include a provision that the final agency decision may be appealed to the superior court of the county, it only governs disciplinary action and states the employee should refer to Regulation 31 if an employee has a complaint or grievance unrelated to the pending disciplinary action; (3) there was no indication in the record that plaintiff had filed a grievance or complaint under Regulation 31 regarding whether the county's regulations are substantially equivalent to the State Personnel Act; (4) although plaintiff contends she exhausted the administrative remedies set forth in the pertinent regulations when Regulation 28 is silent on the issue of further appeals and based on the fact that she appealed to the Guilford County Human Resources Director, the question of whether she has exhausted the remedies of Regulation 28 was not dispositive of

**STEWARD v. GREEN**

[189 N.C. App. 131 (2008)]

whether she had exhausted all administrative remedies, and in fact plaintiff was also concurrently seeking redress in the North Carolina Office of Administrative Hearings; and (5) the final agency decision regarding whether the GCPR are substantially equivalent to the State Personnel Act may be reviewed by a trial court under Article 4, Chapter 150B of the Administrative Procedure Act only after the aggrieved person has exhausted all available administrative remedies made available to him by statute or agency rule.

Judge JACKSON concurring in result only.

Appeal by Plaintiff from order entered 7 February 2007 by Judge Catherine C. Eagles in Guilford County Superior Court. Heard in the Court of Appeals 13 December 2007.

*Jerry R. Everhardt, for Plaintiff-Appellant.*

*Guilford County Department of Social Services, by Deputy County Attorney James A. Dickens, for Respondents-Appellees.*

ARROWOOD, Judge.

Plaintiff appeals from an order dismissing her complaint against Defendants pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(1), Rule 12(b)(2), and Rule 12(b)(6). For the reasons discussed herein, we affirm.

Angela D. Steward (Plaintiff) was employed by the Guilford County Department of Public Health (Defendant) on 29 August 1989. From 28 August 2000 to 11 May 2005, Plaintiff held the position of Social Worker II and was assigned to work with the Partnership for Health Management program of the Department.

On 17 February 2005, Plaintiff received her annual employee performance appraisal in which she was given a final rating of "2," which denotes job performance "partially below job expectations." This rating also constituted a "written warning" pursuant to Regulation 28 of the Guilford County Personnel Regulations. Plaintiff received a separate written warning from her supervisor stating that Plaintiff's "performance is inadequate and unacceptable." Plaintiff "put four to ten packets of aspirin in each packet of materials to be given to . . . clients[,]" "disregard[ing] . . . [an] instruct[ion] . . . not to distribute medications[.]" Plaintiff had been reminded numerous times that "giving aspirin to children was potentially dangerous."

On 11 March 2005, Plaintiff received a notification of administrative leave with pay "pending possible disciplinary and other action" pursuant to Regulation 29 of the Guilford County Personnel Regulations. Plaintiff appealed to the Guilford County Human Resources Director, and on 24 March 2005 received a written warning determination.

On 30 March 2005, Plaintiff received a copy of a memorandum recommending the termination of Plaintiff's employment, and on 4 April 2005, Plaintiff attended a conference regarding her employment status and her job performance. On 11 April 2005, Plaintiff received a memorandum dismissing her from employment stating that Plaintiff's "action could have [endangered children and] put the Public Health Department and Guilford County at considerable risk[.]"

Plaintiff filed a complaint in superior court on 30 August 2006. In Plaintiff's complaint, her first claim for relief prayed for declaratory judgment that the Guilford County Personnel Regulations were not "substantially equivalent" to the standards established by N.C. Gen. Stat. § 126-1, *et seq.* Plaintiff specifically contended that the memorandum terminating her employment "did not give [Plaintiff] any notice of any right to appeal" to the county superior court.

On 30 October 2006, Defendants filed a motion to dismiss Plaintiff's complaint pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(1), Rule 12(b)(2) and Rule 12(b)(6), contending that the court did not have subject matter jurisdiction to determine whether the county's personnel regulations were substantially equivalent to the State Personnel Act.

On 7 February 2007, the trial court granted Defendant's motion to dismiss, concluding that the trial court lacked subject matter jurisdiction. From this order, Plaintiff appeals.

---

Plaintiff contends that the trial has subject matter jurisdiction to determine whether the Guilford County Personnel Guidelines were the "substantial equivalent" to N.C. Gen. Stat. § 126-11. We disagree.

When a party has not exhausted administrative remedies, the case should be dismissed for lack of subject matter jurisdiction. *See Vass v. Bd. of Trustees*, 324 N.C. 402, 379 S.E.2d 26 (1989) (concluding that the trial court was without subject matter jurisdiction where plaintiff had not exhausted administrative remedies available to him under the Administrative Procedure Act (APA)). "[Q]uestions of subject matter jurisdiction may properly be raised at any [time]." *Forsyth*

*County Bd. of Social Services v. Division of Social Services by Everhart,* 317 N.C. 689, 692, 346 S.E.2d 414, 416 (1986).

N.C. Gen. Stat. § 126-11(a) (2005) provides:

The board of county commissioners of any county may establish and maintain a personnel system for all employees of the county subject to its jurisdiction, which system and any substantial changes to the system, shall be approved by the State Personnel Commission as substantially equivalent to the standards established under this Chapter for employees of local departments of social services, local health departments, and area mental health programs, local emergency management programs. If approved by the State Personnel Commission, the employees covered by the county system *shall be exempt from all provisions of this Chapter except Article 6.*

(Emphasis added).

N.C. Gen. Stat. § 126-11(d) (2005) also explicitly states:

In order to define "substantially equivalent," the State Personnel Commission is authorized to promulgate rules and regulations to implement the federal merit system standards[.]

In the instant case, Guilford County has previously obtained a "substantially equivalent" exemption from N.C. Gen. Stat § 126-1, *et seq.* On 14 March 2006, the Guilford County Attorney's Office received a letter from E.D. Maynard, the managing partner of the N.C. Office of State Personnel regarding "Substantially Equivalent Status." The letter stated, "[i]n February 2000, the State Personnel Commission approved substantial equivalency for all of Guilford County's human resource program areas as they apply to departments of social services, public health and area mental health programs and their employees." The letter further stated, "[t]here has been no change in this status since that time." Regulation 1 of the Guilford County Personnel Regulations also states that the "[r]egulations have been approved by the State Personnel Commission as retaining substantial equivalency for Position Classification, Salary Administration, Recruitment and Selection, and Employment Relations (including Grievances and Appeals)[.]"

Notwithstanding the foregoing letter, the State Personnel Commission's rule N.C. Admin. Code tit. 25, r. 1I.2404 (June 2007 Cum. Supp.) states the following:

(b) In order to be declared substantially equivalent in the area of employee relations, a county shall adopt a grievance procedure that includes all of the following:

. . . .

(6) A provision that the final decision shall state in writing that if the employee/grievant disagrees with the decision of the local appointing authority, appeal from that decision may be made to the Superior Court of the county.

Regulation 28 of the Guilford County Personal Regulation does not include a provision that the final decision may be appealed to the Superior Court of the County. However, Regulation 28 of the County's Personnel Regulations only governs "disciplinary action" and states that "[i]f an employee has a complaint or grievance unrelated to a pending disciplinary action, the employee should refer to Regulation 31, 'Grievance/Complaint Resolution,' and follow the procedure set out in that Regulation." The record on appeal does not reflect the procedures regarding such grievances or complaints pursuant to Regulation 31; however, there is also no indication in the record that Plaintiff has filed a grievance or complaint pursuant to Regulation 31 regarding whether the County's regulations are substantially equivalent to the State Personnel Act.

The North Carolina Administrative Procedure Act also applies here. *See* N.C. Gen. Stat. § 150B-1(e) (2005) (stating that "[t]he contested case provisions of this Chapter apply to all agencies and all proceedings not expressly exempted from the Chapter"); *Holly Ridge Assocs., LLC v. N.C. Dep't of Env't & Natural Res.*, 361 N.C. 531, 535-36, 648 S.E.2d 830, 834 (2007). A "person aggrieved" by an agency decision—in this case, the Office of State Personnel's determination that the Guilford County Personnel Regulations were substantially equivalent to the State Personnel Act—may commence a contested case pursuant to N.C. Gen. Stat. § 150B-23(a) (2005), "by filing a petition with the Office of Administrative Hearings[.]" A "contested case" means "an administrative proceeding . . . to resolve a dispute between an agency and another person that involves the person's rights, duties, or privileges[.]" N.C. Gen. Stat. § 150B-2 (2) (2005). "A local government employee, applicant for employment, or former employee to whom Chapter 126 of the General Statutes applies may commence a contested case under this Article in the same manner as any other petitioner." *Id.*

N.C. Gen. Stat. § 150B-43 (2005) governs judicial review of a final agency decision, stating that "[a]ny person who is aggrieved by the final decision in a contested case, and who has exhausted all administrative remedies made available to him by statute or agency rule, is entitled to judicial review of the decision under this Article[.]"

> In order to have standing to petition for judicial review under the statute: (1) the petitioner must be an aggrieved party; (2) there must be a final agency decision; (3) the decision must result from a contested case; (4) the petitioner must have exhausted all administrative remedies; and (5) there must be no other adequate procedure for judicial review.

*In re Rulemaking Petition of Wheeler*, 85 N.C. App. 150, 153, 354 S.E.2d 374, 376 (1987) (citation omitted).

In Plaintiff's complaint, she reasons that because Guilford County Regulation 28 is "silent on the issue of further appeals" and because Plaintiff appealed to the Guilford County Human Resources Director, Plaintiff "has [therefore] exhausted the administrative remedies set forth in the Guilford County Personnel Regulations." We find this argument unconvincing. The question of whether Plaintiff has exhausted the remedies of Regulation 28 of the Guilford County Personnel Regulations is not dispositive to the question of whether Plaintiff has exhausted all administrative remedies. In fact, concurrent to Plaintiff's appeal to this Court, Plaintiff also "seek[s] redress in the North Carolina Office of Administrative Hearings." The question of whether Guilford County's Personnel Regulations are "substantially equivalent" to the State Personnel Act is either a question properly submitted as a complaint or grievance pursuant to Regulation 31 of the Guilford County Personnel Regulations, or a question properly submitted as a contested case to an administrative law judge and the Office of Administrative Hearings. Only after Plaintiff has exhausted all administrative remedies may the question be reviewed by the Guilford County Superior Court.

We conclude that the final agency decision regarding whether the Guilford County Personnel Guidelines are "substantially equivalent" to the State Personnel Act may be reviewed by a trial court under Article 4, Chapter 150B of the Administrative Procedure Act only after the aggrieved person has exhausted all available administrative remedies made available to him by statute or agency rule. *See* N.C. Gen. Stat. § 150B-43; *In re Wheeler*, 85 N.C. App. at 153, 354 S.E.2d at 376.

STEWARD v. GREEN

[189 N.C. App. 131 (2008)]

Because Plaintiff's concedes that "the determination by the Court as to whether Regulation 28 of the Guilford County Personnel Regulations is . . . substantially equivalent to the State Personnel Act and the regulations thereunder will determine whether the Appellant has legal rights arising from her termination of employment[,]" and because the trial court did not have subject matter jurisdiction to make the foregoing determination, we do not reach the remaining arguments in Plaintiff's brief.

Affirmed.

Judge TYSON concurs.

Judge JACKSON concurs in result only with separate opinion.

Although I concur with the result reached by the majority opinion, I write separately as I believe we should not address the merits of plaintiff's appeal.

Our "review is solely upon the record on appeal, the verbatim transcript of proceedings, . . . and any items filed with the record on appeal pursuant to Rule 9(c) and 9(d)." N.C. R. App. P. 9(a) (2007). "It is the duty of the appellant to ensure that the record is complete. 'An appellate court is not required to, and should not, assume error by the trial judge when none appears on the record before the appellate court.' " *Hicks v. Alford*, 156 N.C. App. 384, 389-90, 576 S.E.2d 410, 414 (2003) (internal citations omitted) (quoting *State v. Williams*, 274 N.C. 328, 333, 163 S.E.2d 353, 357 (1968)).

Here, the record before this Court only includes Guilford County Personnel Regulations 1, 2, and 28. Regulation 28, governing "Disciplinary Action," states in Subsection H that for complaints or grievances unrelated to *pending disciplinary actions*, employees should refer to and follow Regulation 31 governing "Grievance/ Complaint Resolution." Plaintiff's complaint or grievance is unrelated to a *pending disciplinary action* as her dismissal necessarily was a *fait accompli* at the time she filed this action. Regulation 31 appears to be controlling in this matter; however, we have no way to ascertain the scope of Regulation 31 as it is not a part of the record on appeal. Because the record does not include this regulation, we cannot, and should not, assess the merits of plaintiff's arguments. Therefore, I must concur only in the result reached by the majority opinion.